**Harry FRANKLIN, Plaintiff-Appellant,**

v.

**STATE OF OREGON, STATE WELFARE DIVISION, et al., Defendants-Appellees.**

**Nos. 80–3306 to 80–3338.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 1981.

Decided Dec. 7, 1981.

John S. Ransom, Ransom, Rogers & Blackman, Portland, Or., for plaintiff-appellant.

Virginia L. Linder, Asst. Atty. Gen., Salem, Or., argued, for defendants-appellees; J. Scott McAlister, Asst. Atty. Gen., Salem, Or., on brief.

Before SNEED and BOOCHEVER, Circuit Judges, and CRAIG,* District Judge.

BOOCHEVER, Circuit Judge:

This appeal confronts us with a trial court's efforts to expedite the disposition of numerous complaints filed by a prisoner, pro se. We must determine whether the district court erred in dismissing on its own motion before issuance of summonses thirty-three of Franklin's pro se complaints for which Franklin paid the filing fees.[1] We hold that the dismissal of actions on the court's own motion before issuance of summonses is proper only when it is clear that the court lacks jurisdiction. We, therefore, reverse the dismissal of eleven of Franklin's actions over which the court did not clearly lack jurisdiction. We reach this conclusion even though, after issuance of summonses and upon proper motion, the trial court might dismiss these actions for failure to state a claim.

FACTS

Franklin, an Oregon state prisoner representing himself, filed these thirty-three actions from July 1979 to March 1980.[2] After the district court denied Franklin in forma

pauperis status, Franklin paid the filing fees for all his complaints. The magistrate reviewed twenty-nine of Franklin's complaints and made findings and recommendations. Franklin was given an opportunity to amend twenty-seven complaints, which he did. The magistrate made further findings and recommendations in six cases, and Franklin made further amendments in five of these cases.

The district court, on its own motion and before a summons was issued to any of the defendants, dismissed all thirty-three actions on various grounds, apparently because it believed that they were all frivolous:

> For the reasons given, each of these actions should be dismissed. Mr. Franklin may have nothing better to do than to pepper this court with frivolous claims and paper work. This court, however, has better things to do than to canvass all of his complaints [footnote omitted].

> While *Potter v. McCall*, 433 F.2d 1087 (9th Cir. 1970), requires that we be solicitous of pro se pleaders, nothing in *Potter* requires us to put up with this sort of nonsense, at taxpayers' expense and at the expense of others with claims or defenses of more apparent merit.

I

Sua Sponte Dismissal for Failure to State a Claim

A district court may dismiss an action on its own motion for failure to state a

---

* The Honorable Walter Early Craig, United States District Judge for the District of Arizona, sitting by designation.

1. We have no occasion to consider when a district court may dismiss a complaint filed *in forma pauperis* as frivolous or malicious under 28 U.S.C. § 1915(d). Although Ninth Circuit law with respect to the proper definition of frivolous for purposes of § 1915(d) is unsettled, the weight of authority suggests that an *in forma pauperis* action should be processed unless it clearly appears that the action is so meritless that it cannot be corrected by amendment. *Potter v. McCall*, 433 F.2d 1087, 1088–89 (9th Cir. 1970); *Armstrong v. Rushing*, 352 F.2d 836, 837 (9th Cir. 1965). At least one article suggests that a dismissal under 28 U.S.C. § 1915(d) as frivolous should only be for lack of subject matter jurisdiction, Catz & Guy-

er, *Federal in Forma Pauperis Litigation: In Search of Judicial Standards*, 31 Rutgers L.Rev. 655, 672–79 (1978), while another argues that courts should dismiss *in forma pauperis* complaints as frivolous under § 1915(d) when there is no reasonable chance of success. Note, *Petitions To Sue in Forma Pauperis in Federal Courts: Standards and Procedures for the Exercise of Judicial Discretion*, 56 Boston U.L. Rev. 745 (1976).

2. The court treated Franklin's pro se actions as civil rights actions filed pursuant to 42 U.S.C. § 1983. The court noted that it assumed jurisdiction over five of Franklin's other complaints, and had not yet ruled on four more of his complaints.

claim, but only after the court takes the proper procedural steps. *Dodd v. Spokane County*, 393 F.2d 330, 334 (9th Cir. 1968). The court must permit issuance and service of process as required by Fed.R.Civ.P. 4(a) and the court must notify the plaintiff of the proposed action and afford him an opportunity to submit written argument in opposition. *Id.* at 334. In addition, the court must give a statement of the reasons for dismissal, and an opportunity to amend unless the complaint is clearly deficient. *Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970); *Worley v. California Dept. of Corrections*, 432 F.2d 769 (9th Cir. 1970). In this case, the court followed all the procedural steps except issuance and service of process under Fed.R.Civ.P. 4(a).

A literal reading of Fed.R.Civ.P. 4(a) supports the proposition that a summons must be issued before a dismissal for failure to state a claim:

Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal or to a person specially appointed to serve it.

The only circuit that has specifically addressed the meaning of this sentence in the context of sua sponte dismissals of complaints has held that Rule 4(a) requires "the clerk to immediately issue a summons and deliver it to the marshal for service" without exception. *Nichols v. Schubert*, 499 F.2d 946, 947 (7th Cir. 1974); *Vina v. Hub Electric Co.*, 480 F.2d 1139, 1140 (7th Cir. 1973).

The Second Circuit has reversed several sua sponte dismissals of pro se complaints because a summons was not issued cautioning the district judges "to avoid an inquisitorial role, and not search out issues more appropriately left to a motion by the oppos-

ing party." *Lewis v. New York*, 547 F.2d 4, 5 (2d Cir. 1976). *See also Mawhinney v. Henderson*, 542 F.2d 1 (2d Cir. 1976). The Second Circuit reasoned:

Untimely dismissal may prove wasteful of the court's limited resources rather than expeditious, for it often leads to a shuttling of the lawsuit between the district and appellate courts.... We are confronted [in this case] with a controversy where the defendants refuse to participate because they are not parties and to resolve it at this stage and under these circumstances would be unnecessary and wasteful.

*Lewis*, 547 F.2d at 6.

■ We agree that before a summons is issued a district court may not dismiss, sua sponte, for failure to state a claim an action over which it has subject matter jurisdiction. When the district court dismisses an action before issuing a summons, the defendants are not required to respond on appeal because they were not parties to the action below. If we were to ratify the procedure used here, we would have to decide such cases on appeal in a nonadversarial context. In this situation, the magistrate's "Findings and Recommendation" would substitute for the briefs of the defendants. Thus the district court and the magistrate would in effect take the place of the defendants named by the plaintiff. Moreover, although it might be efficient, without considering the effect of possible appeals, for the district court and an expert magistrate to handle prisoner civil rights complaints sua sponte, we question whether the judiciary should expend its resources to decide the merits of these actions without assistance from the defendants.[3]

In summary, we disapprove of sua sponte dispositions of cases over which the court

---

**3.** We do not believe that the district court's procedure in dismissing Franklin's complaints was unfair. Instead of asking the state officials to respond to Franklin's complaints by issuing summonses, the district court referred the complaints to a magistrate. The magistrate carefully read and responded to each complaint in "Findings and Recommendation." In 27 of 33 cases, the magistrate allowed Franklin to amend his complaints to try to correct the defects which the magistrate had noted in his "Findings and Recommendation." Only after Franklin amended his complaints did the district court examine them, and dismiss them in a reasoned opinion.

has jurisdiction because the procedure (1) eliminates the traditional adversarial relationship; (2) causes inefficiencies in the judicial process as a whole; and (3) may give the appearance that the judiciary is a proponent rather than an independent entity.[4]

## II

### Dismissal for Lack of Subject Matter Jurisdiction

 A judge, however, may dismiss an action sua sponte for *lack of jurisdiction. California Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974). In contrast to dismissals for failure to state a claim, if the court lacks subject matter jurisdiction, it is not required to issue a summons or follow the other procedural requirements. *Loux v. Rhay*, 375 F.2d 55, 58 (9th Cir. 1967). In addition, "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).

Although the Supreme Court has questioned the accuracy of calling a dismissal on grounds of insubstantiality jurisdictional,

see *id.* at 683, 66 S.Ct. at 776; *Rosado v. Wyman*, 397 U.S. 397, 404, 90 S.Ct. 1207, 1213–14, 25 L.Ed.2d 442 (1970), the Court recently reaffirmed the principle. In *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974), the Court explained that

> the federal courts are without power to entertain claims otherwise within their jurisdiction if they are "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly unsubstantial," or "no longer open to discussion."

*Id.* at 536–37, 94 S.Ct. at 1379 (citations omitted). The Court further explained the doctrine by quoting from *Goosby v. Osser*, 409 U.S. 512, 518, 93 S.Ct. 854, 858–59, 35 L.Ed.2d 36 (1973):

> "The limiting words 'wholly' and 'obviously' have cogent legal significance. In the context of the effect of prior decisions upon the substantiality of constitutional claims, those words import that claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial . . . ."

*Hagans*, 415 U.S. at 537–38, 94 S.Ct. at 1379.[5]

 The Supreme Court has reversed a dismissal for want of subject matter juris-

---

4. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), is not to the contrary. In that case, the Supreme Court upheld the sua sponte dismissal of a prisoner's *in forma pauperis* complaint for failure to state a claim before issuance of summonses. The Court held that the complaint failed to set forth the type of conduct which could constitute a violation of the constituitonal prohibition against cruel and inhumane treatment. Justice Stevens in dissent, however, noted: "The Court's disposition of this case should not be taken as an endorsement of this practice [of sua sponte dismissal for failure to state a claim before issuance of summonses] since the question was not raised by the parties." *Id.* at 112 n.5, 97 S.Ct. at 295 n.5. The case is distinguishable not only for that reason, but also, although not discussed in the opinion, because failure adequately to allege a constitutional violation deprived the

court of jurisdiction, and the case was filed *in forma pauperis.*

5. Statutory support for the "constitutionally insubstantial" doctrine is found in section 5 of the Act of March 3, 1875, ch. 137, 18 Stat. 470, 472, which stated that if a suit filed in a federal court "does not really and substantially involve a dispute or controversy properly within the jurisdiction" of the court, the court shall dismiss the suit. In the 1948 revision of the United States Code, the revisers eliminated this provision as unnecessary because "[a]ny court will dismiss a case not within its jurisdiction when its attention is drawn to the fact, or even on its own motion." 28 U.S.C. § 1359 (1976) (Historical and Revision Notes); *see* P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, *Hart & Wechsler's The Federal Courts and the Federal System* 836–37 (2d ed. 1973).

diction by using the same test as that for dismissal for failure to state a claim: "[A] complaint should not be dismissed ... unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). It does not matter that recovery appears to be "very remote and unlikely." *Id.* at 236, 94 S.Ct. at 1686. There are, however, important differences between dismissing a case for lack of jurisdiction and dismissing for failure to state a claim. A dismissal for failure to state a claim requires a judgment on the merits and cannot be decided before the court has assumed jurisdiction. *See Bell v. Hood*, 327 U.S. at 682, 66 S.Ct. at 776; *Harmon v. Superior Court*, 307 F.2d 796, 798 (9th Cir. 1962).

■ If the district court dismisses an action after it has addressed the merits of the case, to label the dismissal as one for lack of subject matter jurisdiction is improper. *Black v. Payne*, 591 F.2d 83, 86 n.1 (9th Cir.), *cert. denied*, 444 U.S. 867, 100 S.Ct. 139, 62 L.Ed.2d 90 (1979). Dismissal for lack of jurisdiction, of course, does not operate as a judgment on the merits, and thus allows a plaintiff the opportunity to seek relief in the state courts or to assert a claim for which the federal courts have jurisdiction. *See Loux*, 375 F.2d at 57–58.

■ We hold that a district court cannot dismiss a complaint before it issues a summons, pursuant to Fed.R.Civ.P. 4(a), unless the court clearly lacks subject matter jurisdiction, or lacks jurisdiction because the claim is "wholly insubstantial." *Hagans v. Lavine*, 415 U.S. at 536, 94 S.Ct. at 1378. We, therefore, reverse and remand the dismissal of those of Franklin's civil rights actions that state jurisdictional facts and that are not wholly insubstantial. We affirm the dismissal of the others.

**6.** We note that the Supreme Court recently held in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), that the neg-

## III

### Actions Subject to Summary Dismissal

■ We now consider Franklin's thirty-three complaints and their amendments. Franklin filed several § 1983 actions that not only did not allege the deprivation of any arguable constitutional right, but failed to allege even tortious conduct. In *Franklin v. Oregon*, No. 80–3306, Franklin alleges that the state welfare division caused his divorce by offering his wife financial assistance. In *Franklin v. Collins*, No. 80–3311, Franklin alleges that the district attorney refused to prosecute the boyfriend of his minor daughter for statutory rape. In *Franklin v. Prisoners Legal Services*, No. 80–3322, Franklin contends that the Oregon Prisoners Legal Services refused his request to see one of its lawyers. In *Franklin v. Aronson*, No. 80–3325, Franklin complains that the state ombudsman did not respond to his requests for help. In *Franklin v. Cupp*, No. 80–3327, and *Franklin v. LeRoy*, No. 80–3336, Franklin complains that prison officials refused to issue him new T-shirts to replace his one-year old T-shirts. The district court lacks subject matter jurisdiction over these complaints because none alleges the tortious violation of any federally protected rights. The denomination of these complaints as § 1983 actions does not alone give the district court jurisdiction to hear them.

Franklin also filed several actions that might be cognizable as tort claims in state court but that do not allege the deprivation of any constitutional right or state a federal cause of action. In *Franklin v. Armstrong*, No. 80–3317, Franklin alleges that two legal letters were lost because the jail allowed prison inmates to handle his mail.[6] In *Franklin v. Cupp*, No. 80–3324, Franklin complains that he suffered extreme discomfort and danger to his health when the prison ventilation system broke down during a summer heat wave. In *Franklin v.*

ligent loss of an inmate's mail did not deprive him of property without due process.

*Yamhill County*, No. 80–3332, Franklin contends that a county jail officer improperly placed handcuffs on him so that he could not turn his wrists. In *Franklin v. City of Carlton*, No. 80–3333, Franklin alleges that an Oregon police officer slandered him. In *Franklin v. Brand*, No. 80–3335, Franklin brings a malpractice action against the lawyer who handled his appeal. The district court did not have subject matter jurisdiction to consider these claims of tortious conduct because they fail to allege the tortious violation of any federally protected right.

■ Many of Franklin's actions allege negligence or "harassment" with regard to Franklin's medical problems. Although these actions arguably implicate the Eighth Amendment right to be free from cruel and unusual punishment, we find that in several of the complaints the connection between the allegedly wrongful conduct and the deprivation of the Eighth Amendment right is utterly "insubstantial," *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974), and that Franklin fails to show a "deliberate indifference to serious medical needs." *See Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). We, therefore, hold that the district court did not err in dismissing the actions because it lacked jurisdiction.

In *Franklin v. Armstrong*, No. 80–3317, Franklin complains that a county jail guard delayed in allowing him to see a doctor about serious constipation. In *Franklin v. Marlowe*, No. 80–3337, he contends that a prison official did not enable him to get a well-balanced breakfast after having received an insulin injection. And in *Franklin v. Cupp*, Nos. 80–3313, 80–3323, he alleges that prison medical personnel improperly administered insulin, causing soreness and swelling of his arm. These actions allege mere negligence, not deliberate indifference

to a serious medical problem sufficient to establish cruel and unusual punishment under the Eighth Amendment.

■ Franklin brings another medical complaint in *Franklin v. Cupp*, No. 80–3328. He alleges that the prison clinic took twelve X-rays when two would have been sufficient and alleged that this "undue invation [sic] of personal Bones" was against his religion. At best, the complaint alleged a difference in medical judgment. A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim. *Mayfield v. Craven*, 433 F.2d 873, 874 (9th Cir. 1970). Franklin's complaint does not allege any facts that support federal jurisdiction.

■ In *Franklin v. Cupp*, Nos. 80–3308, 80–3309, 80–3314, 80–3330, he complains that prison officials delayed in granting him an elevator pass that he needed because he has a bad back and cannot climb stairs without pain. This delay had the effect of restricting him to the first floor of the prison or causing him to suffer pain from climbing stairs in order to seek medical attention on the second floor. In one of the actions, No. 80–3309, Franklin also alleges that certain prison officials swore at him. Nowhere in these complaints, however, does Franklin allege that the doctors refused to examine his back and assess his need for an elevator pass, nor does he allege facts indicating that he suffered cruel and unusual punishment by remaining on the first floor of the prison. Even assuming that Franklin alleged that his need for an elevator pass was a "serious medical need" under *Estelle v. Gamble*, 429 U.S. at 104, 97 S.Ct. at 291, the allegation of a delay before the prison medical personnel could assess his medical need for an elevator pass and grant him one certainly does not qualify as "deliberate indifference."[7] Franklin also has no

---

7. We recognize, however, that these allegations are nearly sufficient to preclude summary dismissal for lack of jurisdiction. Only because

Franklin had still not alleged a deliberate indifference to his serious medical needs after an opportunity to amend these complaints do we

constitutional right not to be the subject of swearing.

■ Franklin brings several complaints against parties that are shielded from § 1983 liability. In *Franklin v. Oregon*, No. 80–3312, Franklin alleges that his appointed defense counsel and the state psychiatrist conspired[8] to commit him to a mental institution. And, in *Franklin v. Babcock*, No. 80–3320, he contends that the public defender who represented him on appeal unnecessarily delayed his appeal. The trial court dismissed these actions because of the immunities enjoyed by the defendants. We affirm. The parties named by Franklin in these actions enjoy *absolute* immunity from § 1983 suits. Some are immune because of the protection afforded to those who participate in the judicial process.[9] *See Miller v. Barilla*, 549 F.2d 648 (9th Cir. 1977) (public defenders); and *Burkes v. Callion*, 433 F.2d 318 (9th Cir. 1970) (per curiam) (court-appointed psychiatrists), *cert. denied*, 403 U.S. 908, 91 S.Ct. 2217, 29 L.Ed.2d 685 (1971). Another enjoys immunity because he did not act "under color of" state law. 42 U.S.C. § 1983. *See Szijarto v. Legeman*, 466 F.2d 864· (9th Cir. 1972) (per curiam) (both retained and appointed counsel are immune); and *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (per curiam) (appointed counsel does not act under color of state law). *But see Dodson v. Polk County*, 628 F.2d 1104 (8th Cir. 1980), *cert. granted*, 450 U.S. 963, 101 S.Ct. 1478, 67 L.Ed.2d 612 (1981) (public defenders, be-

cause they act under color of state law, enjoy only a qualified immunity). In *Szijarto*, we said that when a plaintiff brings a § 1983 action against one who does not act under color of state law, "the claim is not coming within the jurisdiction of the district court." 466 F.2d at 864. *See also Dyer v. Rosenberg*, 434 F.2d 648, 649 (9th Cir. 1970) (per curiam). *Cf. Scheuer v. Rhodes*, 416 U.S. 232, 238–39, 94 S.Ct. 1683, 1687–88, 40 L.Ed.2d 90 (1974) (suggesting that if the defendants enjoy *absolute* immunity for all acts performed within the scope of official duties, then a sua sponte dismissal is proper).

■ In *Franklin v. Cupp*, No. 80–3326, Franklin alleges that a prison counselor negligently failed to release him for a court hearing and misrepresented that the court would automatically notify him about a court hearing. This failure and misrepresentation allegedly resulted in Franklin missing a court hearing at which the court disposed of some of his real property. If the facts as set forth in the complaint are correct, Franklin could have secured relief from the judgment under Oregon Revised Statutes § 18.160. His complaint, therefore, fails to set forth a violation of his constitutional right to due process. Moreover, he does not claim that the negligent conduct was the result of an established state procedure and, Oregon provides a remedy to persons who believe they have suffered a tortious loss at the state's hands. Or.Rev.Stat. § 30.260 *et seq. See Parratt v.*

---

affirm their dismissal. In contrast, if a handicapped inmate with mobility problems alleges that he has been continually confined to his cell for lack of a wheelchair or crutches, a court should not dismiss his § 1983 action for lack of jurisdiction. *See, e.g., Ruiz v. Estelle*, 503 F.Supp. 1265, 1340–43, 1346 (S.D.Tex.1980).

**8.** To the extent that these complaints can be read as alleging a conspiracy in violation of 42 U.S.C. § 1985, Franklin has failed to allege that defendants were motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 101–02, 91 S.Ct. 1790, 1797–98, 29 L.Ed.2d 338 (1971). His complaints do not constitute § 1985 actions. The same logic applies

to *Franklin v. Yamhill County Circuit Court*, No. 80–3310, discussed *infra* at 5984–5985, in which Franklin alleges a conspiracy among the judge, the district attorney, his defense attorney, and the jury to take away his freedom.

**9.** This immunity attaches to acts performed within each of the defendant's respective jurisdictions. Franklin's amended complaint alleges wrongdoing only within each defendant's protected province of authority. Absolute immunity therefore attaches; the trial court need not give Franklin a *third* opportunity to state jurisdictional facts. *See* Fed.R.Civ.P. 15(a).

*Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

For these reasons, the district court did not have jurisdiction to consider these actions.

## IV

### Actions Improperly Dismissed

Although we agree with the district court that the following complaints all appear to be deficient in some respect, we believe that they allege something more than utterly insubstantial constitutional claims. We therefore reverse the dismissal of the following complaints in which the court acted on its own motion before summonses were issued.

■ In *Franklin v. Murphy,* No. 80–3307, Franklin alleges that a female prison guard violated his constitutional right of privacy by conducting a body search.[10] The district court, however, ruled that a state prison official is immune from liability for his or her good faith actions, citing *Procunier v. Navarette,* 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978). *See also Milton v. Nelson,* 527 F.2d 1158 (9th Cir. 1976). Because Franklin did not allege that Murphy acted maliciously, nor did he allege that Murphy "[knew] or reasonably should have known" that the search would violate Franklin's privacy rights, *see Procunier v. Navarette,* 434 U.S. at 562, 98 S.Ct. at 860, the court dismissed the claim. We hold that the sua sponte dismissal was improper because, liberally construed,[11] the complaint stated jurisdictional facts. A defendant must assert good faith as an affirmative defense. *See Douthit v. Jones,* 619 F.2d 527, 533 (5th Cir. 1980). Ordinarily, whether the defendant acted in good faith cannot even be decided upon a motion to dismiss. *Black v. Brown,* 513 F.2d 652, 654 n.6 (7th

Cir. 1975); *Fidtler v. Rundle,* 497 F.2d 794, 801 (3d Cir. 1974); *see also McKinney v. DeBord,* 507 F.2d 501, 505 (9th Cir. 1974). Furthermore, to decide whether the named prison guard "knew or reasonably should have known" that her actions would violate Franklin's constitutional rights, requires further proceedings. Such a factual determination is not properly made by a court sua sponte.

■ In several complaints, Franklin alleges that conditions at the jail and prison in which he was confined violated the Eighth Amendment guarantee against cruel and unusual punishment. In *Franklin v. Yamhill County,* No. 80–3316, Franklin alleges that a county jail officer intentionally refused to deliver his mail daily or to allow him to shave and exercise on a regular basis. In *Franklin v. Cupp,* No. 80–3329, Franklin complains of occasional unclean cells, denial of canteen and exercise privileges, and being placed on a restricted diet while in the Psychiatric Security Unit. And, in *Franklin v. Yamhill County,* No. 80–3334, he alleges that the county commissioner provided inadequate reading light, refused to provide him reading glasses, provided inadequate ventilation and exercise, and segregated him from other inmates. The district court found that the complaints either were frivolous or failed to allege a constitutional deprivation. Because each complaint alleged a denial of exercise and the denial of regular outdoor exercise may constitute cruel and unusual punishment in some circumstances, *Spain v. Procunier,* 600 F.2d 189, 199 (9th Cir. 1979), the allegations were not so wholly insubstantial as to deprive the district court of jurisdiction.

■ In *Franklin v. Armstrong,* No. 80–3318, Franklin contends that placing him in a cell with a heavy smoker of cigarettes caused serious danger to his health because

---

10. At least one state court has found that such conduct violates its *state* constitution. *See Sterling v. Cupp,* 290 Or. 611, 625 P.2d 123 (1981).

11. Courts must construe pro se complaints liberally. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

of his throat tumor. In *Franklin v. Armstrong*, No. 80–3319, he alleges that prison officials ignored his request for food after he informed them that he "was having an insulin reaction." In *Franklin v. Cupp*, No. 80–3321, he complains that prison guards were "condoning harassment" by failing to protect him from inmates who threw matches, sharp instruments and other potentially harmful things into his cell. The district court dismissed the actions as frivolous or for failure to allege a deprivation of a constitutional right. If these conditions, however, were as threatening to Franklin's health as he alleges and if they were the result of deliberate indifference on the part of the prison officials, then Franklin arguably has alleged cruel and unusual punishment under the Eighth Amendment. *See Ramos v. Lamm*, 639 F.2d 559 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981); *Gates v. Collier*, 501 F.2d 1291, 1308–10 (5th Cir. 1974); *Woodhous v. Virginia*, 487 F.2d 889, 890 (4th Cir. 1973). It is simply too early in the judicial process to dismiss complaints such as these that arguably raise claims that are not wholly insubstantial.[12]

■ We must accept Franklin's allegations as true in determining jurisdiction. *See Scheuer v. Rhodes*, 416 U.S. at 236, 94 S.Ct. at 1686. In *Franklin v. Yamhill County*, No. 80–3315, Franklin alleges that a county jail officer temporarily took certain legal and personal papers from his cell and copied them when he was in disciplinary confinement, arguably violating a constitutional right to privacy. In *Franklin v. Cupp*, No. 80–3331, Franklin alleges that his cell in the Psychiatric Security Unit was bugged so that "his talk with God through prayers may have been overheard." Although a prisoner has little expectation of privacy that society is prepared to recognize as reasonable, *see Lanza v. New York*, 370 U.S. 139, 82 S.Ct. 1218, 8 L.Ed.2d 384 (1962), a prisoner does not lose all rights to privacy. Although most courts have approved warrantless wiretapping in prisons, *see, e.g., United States v. Paul*, 614 F.2d 115 (6th Cir.), *cert. denied*, 446 U.S. 941, 100 S.Ct. 2165, 64 L.Ed.2d 796 (1980); *In re Joseph A.*, 30 Cal.App.3d 880, 106 Cal.Rptr. 729 (1973), some communications are excepted. *See generally Campiti v. Walonis*, 611 F.2d 387 (1st Cir. 1979); J. Carr, *The Law of Electronic Surveillance* § 3.02(a), 69–70 (1977). Prayer may well qualify as privileged communication. Consequently, we must allow Franklin's complaint to proceed. We understand why the district court labelled these complaints as frivolous. These cases may well turn out to be frivolous, but they are not so wholly insubstantial that they should be deemed not to allege jurisdictional facts.

■ In *Franklin v. Cupp*, No. 80–3338, Franklin attacks the validity of his conviction and resulting confinement. Interpreting this complaint as a petition for a writ of habeas corpus,[13] the district court ruled that Franklin can file such a petition only after all state avenues of relief have been exhausted. The exhaustion requirement, *see* 28 U.S.C. § 2254(b), however, is a matter of comity, not jurisdiction. *See Fay*

---

12. For a discussion of how to examine challenges of prison conditions based on the Eighth Amendment, see *Rhodes v. Chapman*, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *Wright v. Rushen*, 642 F.2d 1129 (9th Cir. 1981).

13. We note that Franklin's complaint in No. 80–3338 asks for damages, and that "[i]n the case of a damages claim, habeas corpus is *not* an appropriate or available federal remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 494, 93 S.Ct. 1827, 1838, 36 L.Ed.2d 439 (1973) (emphasis in original). Nonetheless, we find that the trial court was justified in construing Franklin's complaint as a habeas petition because Franklin brought his complaint pro se. Courts cannot expect a pro se litigant to adhere to formalistic pleading requirements.

Moreover, in reviewing this complaint as a § 1983 damage action, we find that the alleged failure to exhaust state remedies does not defeat jurisdiction. "[A] damages action by a state prisoner could be brought under the Civil Rights Act in federal court without any requirement of prior exhaustion of state remedies." *Id.* at 494, 93 S.Ct. at 1838.

*v. Noia,* 372 U.S. 391, 418–20, 83 S.Ct. 822, 837–39, 9 L.Ed.2d 837 (1963). Because the court therefore had jurisdiction to review the complaint construed as a habeas petition, at least to determine whether Franklin had exhausted state remedies, the court should have issued a summons. Furthermore, although courts may order the summary dismissal of habeas petitions based on the face of the petition, *see* 17 C. Wright and A. Miller, *Federal Practice & Procedure* § 4268, at 707, they are required at least to make minimal findings and conclusions so that their dismissals can be reviewed. *See Patterson v. San Luis Obispo,* 624 F.2d 69 (9th Cir. 1980). These minimal findings were not made by the trial court.

Finally, in *Franklin v. Yamhill Circuit Court,* No. 80–3310, Franklin alleges *inter alia* ineffective assistance of counsel. Because ineffective assistance of counsel is a basis upon which habeas relief can be granted, *see, e.g., Cooper v. Fitzharris,* 586 F.2d 1325 (9th Cir. 1978) (en banc), *cert. denied,* 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979), the trial court should have construed the complaint as a petition for a writ of habeas corpus. So construed, the court would have had jurisdiction.[14]

CONCLUSION

The district courts should refrain from dismissing actions sua sponte before a summons is issued except where it is clear that the court has no jurisdiction. The defendant is in a much more appropriate position to bring a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12 than is the court. We reach this conclusion primarily to preserve the adversarial nature of our judicial system at the trial and appellate levels. We emphasize that our decision to reverse the district court in eleven of these cases is solely the result of our determining

that there is some doubt that the court lacked jurisdiction. We express no opinion on the merits of these claims.

The judgments are affirmed as to Nos. 80–3306, 80–3308, 80–3309, 80–3311, 80–3312, 80–3313, 80–3314, 80–3317, 80–3318, 80–3320, 80–3322, 80–3323, 80–3324, 80–3325, 80–3326, 80–3327, 80–3328, 80–3330, 80–3332, 80–3333, 80–3335, and 80–3336.

The judgments are reversed and the actions are remanded for further proceedings in Nos. 80–3307, 80–3310, 80–3315, 80–3316, 80–3319, 80–3321, 80–3329, 80–3331, 80–3334, 80–3337, and 80–3338.

SNEED, Circuit Judge, Concurring:

I concur in Judge Boochever's opinion.

I write to underscore the fact that this case does not involve complaints filed *in forma pauperis.* The alleged action underlying such complaints, when frivolous or malicious, can be dismissed under 28 U.S.C. § 1915(d). Without regard to the scope of this power, it may well be that with respect to such complaints the line dividing those complaints in which jurisdiction is clearly lacking from those in which it is not so lacking will be different than that applicable to complaints in which filing fees are paid. Any such difference would arise because the ease with which complaints *in forma pauperis* can be filed makes it desirable that there exist a means, other than that provided by 28 U.S.C. § 1915(d), by which the district courts can avoid being inundated by complaints springing from the pen of an imaginative prisoner or other writer unrestrained by financial considerations.

I also write to indicate that the line between jurisdiction-lacking complaints and those that fail to state a claim is very often not at all bright. To illustrate, were I acting alone I very likely would permit the

---

14. The trial court, however, cannot let this action proceed as a § 1983 action for damages. The defendants named in the complaint enjoy absolute immunity from § 1983 actions for acts performed within their respective jurisdictions. *See e.g. Pierson v. Ray,* 386 U.S. 547, 553–55, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967)

(judges); *Imbler v. Pachtman,* 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (prosecutors, when performing prosecutorial rather than investigatory functions); and *Mulligan v. Schlachter,* 389 F.2d 231, 233 (6th Cir. 1968) (per curiam) (appointed defense counsel).

dismissal without the issuance of summons of the complaints in *Franklin v. Yamhill County*, No. 80–3316, *Franklin v. Armstrong*, No. 80–3318, and *Franklin v. Cupp*, No. 80–3321. That I might draw the line slightly differently than does Judge Boochever is not important, however. The feature worth emphasizing is that however the line is drawn it tells one very little about where the line between complaints which state a cause of action and those which do not should be drawn. Properly pleading jurisdiction does not, without more, constitute properly stating a claim under federal law. A case accomplishing the former cannot properly be cited as authority for having done the latter.