972 F.2d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martin Allen JOHNSON, Plaintiff-Appellant,
v.
UNITED STATES BUREAU OF PRISON, et al., Defendants-Appellees.
 No. 91-36335.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 7, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin Allen Johnson appeals pro se the district court's dismissal of his civil rights action against the United States Bureau of Prisons, the United States, and prison warden Joseph Crabtree. Johnson alleges that the prison violated his first and eighth amendment rights by denying him a vegetarian diet. He seeks injunctive and declaratory relief and damages. The district court dismissed the claim, finding it barred by sovereign immunity. We have jurisdiction pursuant to 28 U.S.C. 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990) and affirm in part, and reverse and remand in part.
 
 
 3
 * United States & the United States Bureau of Prisons
 
 
 4
 Johnson named the United States and the Bureau of Prisons as defendants in his Bivens action. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). It is well established, however, "that the United States is immune from suit except to the extent that it consents to be sued and the terms of its consent define the court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535 (1980). Moreover, we have held that a Bivens action should not provide a route around the sovereign immunity of the United States. Holloman v. Watt, 708 F.2d 1399, 1401-02 (9th Cir.1983), cert. denied, 466 U.S. 958 (1984). Accordingly, the district court correctly dismissed Johnson's Bivens action against the United States and its agency, the Bureau of Prisons, for lack of subject matter jurisdiction. See id.
 
 II
 Warden Crabtree
 A. First Amendment Claim
 
 5
 Johnson contends that Crabtree, in denying him a vegetarian diet, denied him his right to practice his religion in violation of the first amendment. The district court dismissed Johnson's civil rights claim against Crabtree, finding that the suit involved Crabtree in his official rather than in his individual capacity, and was therefore barred by sovereign immunity.
 
 
 6
 To state a Bivens action, the plaintiff must allege facts showing a person acting under color of federal authority deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Bivens, 403 U.S. at 389. A Bivens suit may be brought against a federal official only in his individual rather than his official capacity. Holloman v. Watt, 708 F.2d at 1402.
 
 
 7
 The Supreme Court has interpreted the phrase " 'acting in an official capacity' as a reference to the capacity in which the ... officer is sued, not the capacity in which the officer inflicts the alleged injury." Hafer v. Melo, 112 S.Ct. 358, 363 (1991). Thus, a plaintiff may sue a government officer in his individual capacity for wrongs committed in his official capacity. Price v. Akaka, 928 F.2d 824, 828 (9th Cir.1990), cert. denied, 112 S.Ct. 436 (1991); see also, Demery v. Kupperman, 735 F.2d 1139, 1145-46 (9th Cir.1984) (construing as individual capacity suit an action against state medical board supervisor who enforced allegedly ineffective disciplinary order of the board), cert. denied, 469 U.S. 1127 (1985).
 
 
 8
 Here, Johnson sued Crabtree in his individual capacity.[1] Accordingly, the district court erred when it dismissed Johnson's action against Crabtree on the ground of sovereign immunity. See Hafer, 112 S.Ct. at 363; Akaka, 928 F.2d at 828.
 
 
 9
 Moreover, the fact that Crabtree was carrying out prison policy when he denied Johnson a vegetarian diet does not insulate him from suit. We have recognized the first amendment right of inmates to be provided with food that "satisfies the dietary laws of their religion." McElyea v. Babbit, 833 F.2d 196, 198 (9th Cir.1987); see also 28 C.F.R. §§ 547.20(d) & 548.13(a) (federal inmates to be provided with food consistent with religious dietary requirements to extent security and budgetary considerations permit). Because Johnson alleges that his request for a vegetarian diet was motivated by his sincere religious beliefs, he has stated a cognizable civil rights claim. See McElyea, 833 F.2d at 198. Accordingly, dismissal of Johnson's claim against Crabtree on Fed.R.Civ.P. 12(b)(6) grounds was improper.
 
 B. Eighth Amendment Claim
 
 10
 Johnson contends because of his family's history of high blood pressure and heart disease, Crabtree's denial of his request for a vegetarian diet endangered his health and therefore constituted an eighth amendment violation.
 
 
 11
 "In order to state a cognizable [civil rights] claim, a prisoner must allege acts or admissions sufficiently harmful to evidence a deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Wilson v. Seiter, 111 S.Ct. 2321, 2323-26 (1991). The indifference to medical needs must be substantial; inadequate treatment due to negligence or inadvertence, or differences in judgment between an inmate and medical personnel do not constitute cruel and unusual punishment. Id.; Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 12
 Here, Crabtree contends that the prison meal menus offer enough food options to provide Johnson with a low fat diet which meets his medical needs. Johnson's claim, therefore, that prison officials endangered his health by denying his request for a vegetarian diet, indicates a mere difference in judgment as to his dietary needs. Id. Accordingly, the district court correctly dismissed Johnson's eighth amendment claim. See id.
 
 
 13
 AFFIRMED in part, REVERSED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Johnson effectuated personal service of process on Crabtree as required by Rule 4(d)(1). See Johnston v. Horne, 875 F.2d 1415, 1424 (9th Cir.1989) (where a plaintiff seeks damages from a federal defendant in his individual capacity in a Bivens action, personal service under 4(d)(1) must be effectuated). He further stated in his objections to the findings and recommendations of the magistrate judge that he was suing Crabtree as an individual for acts done in the course of his employment