993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald Leif ROKKE, Plaintiff-Appellant,
v.
Billie Grace ROKKE; Grace Alva Hillier; Alan M. Singer;
Porter J. Kelly, Defendants-Appellees.
 No. 92-35451.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 17, 1993.
 
 Before: BROWNING, KOZINSKI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Leif Rokke appeals pro se the district court's dismissal for lack of subject matter jurisdiction of his RICO action alleging claims of legal malpractice and fraud. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 A dismissal for lack of subject matter jurisdiction is reviewed de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 
 4
 The district court, may dismiss an action sua sponte before issuance of summons if it "clearly lacks subject matter jurisdiction or lacks jurisdiction because the claim is 'wholly insubstantial.' " Franklin v. Oregon State Welfare Div., 662 F.2d 1337, 1343 (9th Cir.1981) (quoting Hagans v. Lavine, 415 U.S. 528, 536 (1974)). The claim, however, must be "so insubstantial, implausible, foreclosed by prior decisions ... or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits." Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974).
 
 
 5
 Here, the district court determined that Rokke could not allege a factual or legal basis for a RICO claim even after Rokke amended his complaint. Rokke's complaint fails to sufficiently allege that the defendants were involved in an enterprise and a pattern of racketeering activity, and failed to state acts or language constituting a threat to his personal safety. Thus, Rokke has failed to establish a federal controversy sufficient to invoke the jurisdiction of the district court. See 18 U.S.C. § 1961 et seq; Oneida Indian Nation, 414 U.S. at 666. Accordingly, the district court did not err by sua sponte dismissing Rokke's action for lack of subject-matter jurisdiction. See Franklin, 662 F.2d at 1343.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3