9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence J. KRUG, Plaintiff-Appellant,
v.
Grant WOODS, Attorney General, et al., Defendant-Appellee.
 No. 92-16578.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 8, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Lawrence J. Krug appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action before service of process for lack of subject matter jurisdiction. We have jurisdiction to review the district court's dismissal of the action under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The existence of subject matter jurisdiction is a question of law reviewed de novo. Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc., 970 F.2d 552, 554 (9th Cir.1992).
 
 
 4
 The district court is under a continuing duty to establish its own subject matter jurisdiction and may sua sponte dismiss an action whenever it appears that jurisdiction is lacking. See Fed.R.Civ.P. 12(h)(3); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983); Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1342 (9th Cir.1981).
 
 
 5
 In his complaint, Krug alleges that two Arizona state statutes, A.R.S. §§ 31-201 and 31-221, are unconstitutional as applied to prison inmates. He seeks injunctive relief prohibiting several state attorneys and prison officials from enforcing these statutes. He also seeks a declaration that the statutes are unconstitutional.
 
 
 6
 It is well settled that federal courts do not render advisory opinions. See Hillblom v. United States, 896 F.2d 426, 430 (9th Cir.1990). "For adjudication of constitutional issues, concrete legal issues, presented in actual cases, not abstractions, are requisite." Id. (quotations omitted). There must exist a "real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Id. (quotations omitted).
 
 
 7
 The ripeness doctrine requires that the plaintiff's asserted harm to constitutional rights be "direct and immediate" and not merely "speculative or hypothetical" in order to warrant injunctive relief. See id. "Jurisdiction to award declaratory relief [also] exists only in a case of actual controversy." Aydin Corp. v. Union of India, 940 F.2d 527, 527 (9th Cir.1991) (quotation omitted).
 
 
 8
 Here, Krug does not allege any injury to himself, nor can his allegations be construed to demonstrate a direct and immediate threat of injury from enforcement of the challenged statutes sufficient to warrant judicial intervention to grant either injunctive or declaratory relief. See Hillblom, 896 F.2d at 430-31; Aydin Corp., 940 F.2d at 527-29. Thus, Krug's constitutional challenges to the state statutes are not ripe for judicial review, and the district court did not err by dismissing his action for lack of jurisdiction.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3