98 F.3d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ricardo G. ALMEIDA, Plaintiff-Appellant,
v.
PRUNTY, Warden; Cuevas, C/O; Butler, C/O; Tijerina, C/O;
Tweed, C/O; T. Hopper, C/O; Folkman, C/O;
William H. Smith, Doctor; L. Santiago,
Doctor; and C. Porter,
P.T.A., Defendants-Appellees.
 No. 95-56044.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 10, 1996.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ricardo Almeida, a California state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in Almeida's 42 U.S.C. § 1983 action. Almeida alleged that prison officials were deliberately indifferent to his serious medical needs, denied him meals on twelve occasions, denied him access to the law library, and used excessive force. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992).
 
 A. Deliberate Indifference to Medical Needs
 
 4
 Almeida contends that Dr. Smith, former chief medical officer of Calipatria, and Dr. Santiago were deliberately indifferent to his medical needs because their treatment has not resolved his back pain and because they did not refer him to a neurosurgeon until a year after he injured his back.
 
 
 5
 In order to establish deliberate indifference under the Eighth Amendment a prisoner must show that a defendant purposefully ignored or failed to respond to the prisoner's pain or possible medical need. See McGuckin, 974 F.2d at 1060; Estelle v. Gamble, 429 U.S. 97, 104 (1976). Delay in treating a medical condition does not constitute an Eighth Amendment violation unless the delay was harmful. See McGuckin, 974 F.2d at 1060. A difference of opinion between a prisoner-patient and prison medical authorities regarding proper medical treatment does not give rise to a section 1983 claim. Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 6
 Here, defendants' uncontroverted evidence shows that Almeida received continuous medical treatment for his back injury. He received back supports and numerous prescriptions for muscle relaxants. In order to rule out possible diagnoses, Dr. Santiago ordered several x-rays of Almeida's back which failed to reveal any abnormality in Almeida's spine. Almeida was eventually referred to an outside neurologist who recommended that Almeida continue to receive conservative care which consists of medication and exercises.
 
 
 7
 Although Almeida continues to suffer from back pain, the evidence does not show that the defendants have purposefully ignored or failed to respond to Almeida's pain. See McGuckin, 974 F.2d at 1060. The defendants' delay in referring Almeida to a neurologist does not constitute an Eighth Amendment violation because the delay was not harmful. See id. To the extent Almeida asserts that he should receive back surgery from a neurosurgeon, this difference of opinion regarding his medical care is insufficient to establish a section 1983 claim. See Franklin, 662 F.2d at 1344.
 
 B. Denial of Food
 
 8
 Almeida contends that prison officials violated his Eighth Amendment rights by denying him food on twelve occasions when Almeida was expelled from the dining hall for violating prison policy by bringing documents to dinner with him. Prison officials state that they gave Almeida the option of returning to the dining hall after he brought the documents back to his cell, but that Almeida chose not to return.
 
 
 9
 Because Almeida has not shown that prison officials had a sufficiently culpable state of mind, his Eighth Amendment claim for denial of adequate food lacks merit. See LeMaire v. Maass, 12 F.3d 1444, 1455-56 (9th Cir.1993) (requiring either deliberate indifference to a prisoner's health or welfare, or that a sanction affecting prisoner's feeding be imposed maliciously or sadistically for the purpose of causing harm).
 
 C. Access to the Courts
 
 10
 Almeida contends that Porter, a prison librarian, and Cueva, a prison program administrator, violated his right to access to the courts by expelling him from the library because Almeida was supposed to be at his work assignment. Almeida contends he had a valid medical pass which excused him from working. Because Almeida has not shown that his expulsion from the law library caused him actual injury, his access to the courts claim lacks merit. See Lewis v. Casey, 116 S.Ct. 2174, 2180 (1996).
 
 D. Excessive Force
 
 11
 Almeida contends that Tijerina, Folkman, Tweed and Hopper used excessive force in an altercation that occurred in Sergeant Folkman's office and that Butler saw and failed to report the prison official's assault. Almeida states that the defendants bruised him and exacerbated his back injury when they tried to make him sit on a chair.
 
 
 12
 The core inquiry in determining whether prison officials used excessive force in violation of the Eighth Amendment is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6 (1992) (internal citation omitted). To determine if the use of force was wanton and unnecessary, we must examine the necessity of force, the relationship between necessity and amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. Id.
 
 
 13
 Here, it is undisputed that defendants Tijerina and Tweed handcuffed Almeida and escorted him out of the library to Sergeant Folkman's office in order to clarify where Almeida should have been. At the Sergeant's office, the defendants ordered Almeida to sit in a chair in a straddle position, which is how inmates sit when they are being interviewed. Almeida refused to straddle the chair because of his back injury. Tweed asserts that Almeida refused to sit even when the chair was turned around for him. Almeida then kicked the chair and threw himself onto the ground. The prison officials eased Almeida onto the ground to prevent Almeida from hurting himself because he was still handcuffed. When Butler walked by the Sergeant's office and saw Almeida on the ground he suggested that Almeida be checked by the medical department. The medical technical assistant who examined Almeida on that day states that Almeida had no injuries.
 
 
 14
 The evidence shows that the defendants used appropriate force to restrain Almeida after he refused to sit on the chair and that they attempted to prevent Almeida from injuring himself. See Hudson, 503 U.S. at 6-7. Thus, Almeida failed to show that the defendants used excessive force in violation of the Eighth Amendment. See id.
 
 E. Warden Prunty
 
 15
 Because Almeida did not show that Warden Prunty personally participated in any of the alleged violations, summary judgment in favor of Prunty was appropriate. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 16
 Accordingly, the district court did not err by granting summary judgment in favor of the defendant prison officials.[1]
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Almeida's August 26, 1996 "Motion for Reconsideration and Clarification" is denied as moot