101 F.3d 706
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul Peter SCHREY, Plaintiff-Appellant,
v.
Dr. PERRY, Chief Medical Officer; MTA Baxter, 3 Watch;
M.H. Carrillo, Warden, Defendants-Appellees.
 No. 95-16499.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Nov. 13, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Peter Schrey, a California state prisoner at the time of the events described in this action, appeals pro se the district court's grant of summary judgment for defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), and we affirm.
 
 
 3
 To establish a violation of the Eighth Amendment, a prisoner must show that prison officials were deliberately indifferent to the prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin, 974 F.2d at 1059. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. State of Oregon, 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 4
 Here, in his sworn complaint and other sworn statements, Schrey has stated that he suffers from "pernicious anemia" and that he must receive monthly injections of vitamin B-12. Defendants submitted the affidavits of defendant Perry and a private physician which stated that Schrey does not suffer from anemia. Defendants also submitted Schrey's medical records which establish that, although defendant Perry recommended at the beginning of November 1992 that the B-12 injections be discontinued, the injections were resumed in December 1992 and were provided monthly while Schrey was incarcerated. In his opposition to defendant's motion for summary judgment and his objections to the magistrate judge's findings and recommendation, Schrey submitted sworn statements which acknowledged that the injections had resumed. Schrey has submitted no evidence that he suffered any adverse effects from this temporary cessation of his preferred medical treatment.
 
 
 5
 Upon our review of the record, we conclude that for a period of one or two months Schrey and prison medical officials disagreed about the proper medical treatment for his anemia, but that Schrey's preferred treatment was quickly resumed and that Schrey suffered no adverse physical effects from the temporary cessation of the B-12 injections. Accordingly, the district court did not err by granting summary judgment for defendants on Schrey's claim of deliberate indifference to serious medical needs. See McGuckin, 974 F.2d at 1059; Franklin, 662 F.2d at 1344.[1]
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Schrey's request for oral argument is denied
 Insofar as Schrey's raises issues about prison officials' confiscation of his eyeglasses and his placement in administrative segregation in his motion requesting oral argument, we conclude that these issues were not raised before the district court in this action and are not properly considered by this court on appeal.
 We also deny Schrey's motions for continuances and Schrey's motion to submit evidence not presented to the district court.
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Insofar as Schrey alleged before the district court, and contends on appeal, that prison officials denied him access to the courts due to inadequate prison law-library hours, the failure to provide a typewriter and photocopying services, and provision of inadequate legal materials, we conclude the district court did not err in granting summary judgment for defendants because Schrey submitted no evidence that he suffered any "actual prejudice with respect to contemplated or existing litigation." See Lewis v. Casey, 116 S.Ct. 2174, 2178-79 (1996) (internal quotations and citation omitted); see also Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989)
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal