**Fernando PEÑA, Plaintiff–Appellant,**

v.

**YSLAVA, Correctional Officer II; et al., Defendants–Appellees.**

**No. 07–17020.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

Fernando Pena, Buckeye, AZ, pro se.

Paul Edward Carter, Assistant Attorney General, Office of the Arizona Attorney General, Tucson, AZ, for Defendants–Appellees.

Before BEEZER, FERNANDEZ and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Fernando Pena, an Arizona state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court properly granted summary judgment to defendants Yslava and Lawrence because Pena failed to raise a triable issue of fact as to whether defendants failed to respond to his requests for medical attention, or whether any delay in conveying his requests caused further injury. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (explaining elements of denial of medical attention claim); *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir.1992) (explaining that where a prisoner is alleging that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury), *overruled on other grounds by WMX Techs., Inc., v. Miller*, 104 F.3d 1133 (9th Cir.1997).

The district court properly granted summary judgment to defendant Chavez because Pena's disagreement with Chavez's medical assessment does not constitute deliberate indifference. *See Franklin v. State of Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.").

**AFFIRMED.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.