**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLARENCE DAVIS, | No. 09-55545 |
| Plaintiff - Appellant, | D.C. No. 5:07-cv-01415-CBM-RNB |
| v. | |
| CARMAN SUTLEY, Dentist, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Clarence Davis, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference in connection with his dental treatment. We have jurisdiction under

28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2004).  We affirm.

The district court properly granted summary judgment for defendant because Davis failed to raise a genuine issue of material fact as to whether defendant was deliberately indifferent in treating his dental pain.  *See id.* at 1057.  A difference in medical opinion about the preferred course of medical treatment does not constitute an Eighth Amendment violation.  *See id.* at 1059-60; *see also Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [section] 1983 claim.").  Moreover, a "showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."  *Toguchi*, 391 F.3d at 1060.

Davis's remaining contentions are unpersuasive.

**AFFIRMED.**