**Llewellyn HARRIS, Plaintiff,**

v.

**Richard J. ELROD, Sheriff of Cook County, Defendant.**

**No. 84 C 1053.**

United States District Court, N.D. Illinois, E.D.

Jan. 17, 1985.

Llewellyn Harris, pro se.

Karen J. Dimond, Asst. State's Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Llewellyn Harris ("Harris") brings this pro se complaint pursuant to 42 U.S.C. § 1983 seeking damages and other relief against Cook County Sheriff Richard J. Elrod ("Elrod"). Before the Court are cross-motions for summary judgment.

The relevant facts in this case, as best can be determined from the muddled allegations of Harris' complaint and the sparse and cryptic state court records submitted by Elrod, are as follows. On April 29, 1983, Chicago police arrested Harris and charged him with possession of a stolen motor vehicle. The police officers also issued two traffic citations against Harris for failure to signal, complaint number W 2–373–144, and failure to produce a valid driver's license, complaint number W 2–373–145. The following day, the Cook County Department of Corrections (hereinafter referred to as the "County Jail") assumed custody of Harris on the felony charge and another outstanding warrant from Oak Park, Illinois. After dismissal of the two felony charges, Harris was released from the County Jail on May 20, 1983. At the time of his release, charges on the traffic offenses remained unresolved.

On October 31, 1983, Harris was again taken into custody at the Cook County Jail on new charges of possession of a stolen vehicle. Although not clearly stated, Harris apparently asserts that the charges evolved out of a stop based on warrants stemming from the outstanding traffic warrants. When Harris was admitted into custody at the County Jail, he completed a form stating that he had no other outstanding criminal charges.

On December 7, 1983, the Circuit Court of Cook County issued a recognizance bond in the amount of $2000 on the traffic charges against Harris. A court date was set for January 26, 1984. On January 30, 1984, Harris filed this action complaining of the failure of jail officials to arrange for his appearance in traffic court for the January 26 hearing.

The gist of Harris' complaint is that Elrod and the officials at the County Jail under his supervision systematically fail to arrange for those in their custody to appear in traffic court when the arrests underlying an inmate's confinement arise

from both felony and misdemeanor traffic charges. Harris asserts that when officials fail to arrange for a prisoner's appearance at a traffic court hearing, a warrant issues for the prisoner's arrest, which, after the prisoner's release, results in his re-arrest and confinement. He maintains that this "recycling" of charges deprives the prisoner of liberty without due process. The facts in the record, however, do not support Harris' legal contentions.

Harris was confined at the County Jail between April 30, 1983 and May 20, 1983. During that time, Harris alleges he did not appear in court to answer the two traffic charges that issued against him on April 29, 1983. He avers that:

> Before leaving the county jail from the Sheriff's custody, the plaintiffs two traffic tickets became warrants when he left the county jail on May 20, 1983 (verification of incarceration from department of corrections is proof) So the plaintiff left the county jail with warrants issued against his person unlawfully for his arrest because he was not arraigned and was in fact in custody of the sheriff.

(Rec.Doc. 14, Harris' Motion for Summary Judgment). The records of the proceedings on the two traffic tickets show, however, that the first hearing on the charges was scheduled for June 13, 1983, more than three weeks after Harris' release from jail.[1] When Harris failed to appear, the court rescheduled the hearing for July 15, 1983. When Harris again failed to appear at the rescheduled hearing, warrants dated July 15, 1983 were issued for his arrest.

The record therefore shows that, contrary to his allegations, Harris was not in Elrod's custody either at the time of the first hearing on the traffic charges or when the warrants issued that resulted in his arrest of October 31, 1983. Thus, the arrest and reincarceration of Harris cannot be attributed to any dereliction of duty on the part of jail officials.

Harris further complains of missed court dates on January 26, 1984 and March 1, 1984. According to the affidavit of John Maul, a Lieutenant in the Cook County Department of Corrections, Harris failed to inform the jail of any pending court dates at the time of his admission on October 31, 1983. Maul also avers that, as an alternative, Harris could have arranged through his social worker at the jail to be taken to the court hearing on his traffic charges. Indeed, in his motion for summary judgment, Harris admits that his social worker arranged for the continuance of his January 26 hearing to March 1, 1984. Having once obtained such a continuance, Harris shows no reason why he could not have obtained a second continuance through his social worker. Moreover, Harris does not allege a deprivation of any constitutionally protected right as a result of his inability to appear at the March 1 hearing.[2]

Accordingly, finding that there is no genuine issue as to any material fact and that Elrod is entitled to a judgment as a matter of law, the court denies Harris' motion for summary judgment, grants Elrod's motion

---

1. The Court relies on the records on the assumption that they are correct even though at this time they are neither authenticated nor certified as required for admissibility into evidence under Rule 902 of the Federal Rules of Evidence. The Court grants defendant leave to remedy this defect within ten days and substitute the court records filed on December 13, 1984 with authenticated copies.

2. Although unclear, it appears from records filed by Elrod that Harris forfeited the bond on his traffic charges as a result of his failure to appear for hearing on the traffic violations on April 9, 1984. The forfeiture, however, cannot be found to be without due process. Once bond is set, it is defendant's responsibility to keep the clerk of court informed of his address. *See* Ill.Rev.Stat.1983 ch. 38, § 110–12. If the court enters an order of bond forfeiture, the clerk sends notice to defendant at his last known address. *See* Ill.Rev.Stat.1983, ch. 38, § 110–7(g). Defendant then has thirty days within which to appear or satisfy the court that appearance is impossible and without defendant's fault before judgment is entered on the bond forfeiture. *Id.* These procedures sufficiently protected Harris' due process interests. *See Franklin v. Oregon,* 662 F.2d 1337, 1345 (9th Cir.1981). Furthermore, judgment on Harris' bond forfeiture was not entered until May 11, 1984, almost three weeks after Harris' release from jail.

for summary judgment, and dismisses this action.

It is so ordered.