892 F.2d 1045
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul L. BROWNING, Plaintiff-Appellant,
v.
Gordon YACH; John Moran; Joseph K. Evers, Defendants-Appellees.
 No. 88-15267.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 25, 1989.*
Decided Jan. 3, 1990.
 
 Before JAMES R. BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant, a former inmate of Clark County Detention Center, filed a civil rights action against appellees, officials at the center, under 42 U.S.C. § 1983. He challenges the district court's denial of his motion for a preliminary injunction and dismissal of his complaint for failure to state a claim for relief. We affirm the denial of the preliminary injunction and reverse the dismissal of appellant's complaint.
 
 
 3
 * While appellant's trial for murder was pending, he was detained in the Clark County Detention Center. He was represented by counsel during his entire detention.
 
 
 4
 Initially, appellant filed suit in state court challenging his lack of access to the law library during his detention. The state court first ruled that appellant could use the library one hour per day, five days per week. It later reversed its ruling on the grounds that appellant abused his privilege. Appellant still had access to legal materials which paralegals would bring to his cell.
 
 
 5
 Appellant then filed suit in federal court under 42 U.S.C. § 1983. His complaint listed a number of grievances with the Clark County Detention Center and cited the applicable constitutional provisions which he alleged appellees violated. He requested damages and injunctive relief. In addition, he sought a preliminary injunction ordering appellees to provide access to the library.
 
 
 6
 Appellant moved for summary or partial summary judgment. Appellees filed opposition to the motion for a preliminary injunction and the motion for summary judgment.
 
 
 7
 In the meantime, appellant was convicted of murder in the state court, sentenced to death, and moved to the state penetentiary.
 
 
 8
 The district court denied appellant's motion for a preliminary injunction, and dismissed appellant's complaint for failure to state a claim for relief.
 
 II
 
 9
 Appellant challenges the district court's denial of his motion for a preliminary injunction allowing him access to the law library. However, appellant's request for injunctive relief is now moot. He is no longer in the custody of the Clark County Detention Center, but is now an inmate in the state penitentiary. The district court thus did not err in denying appellant's claim for injunctive relief.
 
 III
 
 10
 Although neither party in this action filed a 12(b)(6) motion, the district court dismissed appellant's complaint without prejudice under 42 U.S.C. § 1983 for failure to state a claim entitling appellant to relief.
 
 
 11
 We review a dismissal for failure to state a claim de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989). A pro se complaint must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1982)).
 
 
 12
 A district court may dismiss an action on its own motion for failure to state claim, but only after the court takes the proper procedural steps. The court must permit issuance and service of process as required by Fed.R.Civ.P. 4(a) and the court must notify the plaintiff of the proposed action and afford him an opportunity to submit written argument in opposition. In addition, the court must give a statement of the reasons for dismissal, and an opportunity to amend unless the complaint is clearly deficient.
 
 
 13
 Franklin v. State of Oregon, State Welfare Division, 662 F.2d 1337, 1340-41 (9th Cir.1981) (citations omitted).
 
 
 14
 The district court did not give appellant the necessary prior notification, state its reasons for the dismissal, or give the appellant an opportunity to amend the complaint. Its order refers only to appellant's claims relating to lack of access to the law library and fails to address appellant's numerous additional charges. On its face, appellant's complaint does not appear to be so totally devoid of merit as to justify dismissal sua sponte without explanation. We reverse the dismissal and remand for further proceedings.
 
 
 15
 AFFIRMED as to the denial of the preliminary injunction; REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3