942 F.2d 791
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ras Adisa GAMBA-OLUWA, Plaintiff-Appellant,
v.
Ron KOENIG, Defendant-Appellee.
 No. 90-16671.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Decided Aug. 30, 1991.
 
 Before BROWNING, SNEED, and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ras Adisa Gamba-Oluwa, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action. In his complaint, Gamba-Oluwa alleged that the Chairman of the Board of Prison Terms improperly postponed his initial parole consideration hearing date and his minimum eligible parole date without due process. He also alleged that this postponement subjected him to a longer period of incarceration, which he contends is an ex post facto violation. He sought damages, an immediate parole consideration hearing, and the immediate setting of a release date. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Here the district court correctly determined that the defendant is absolutely immune from section 1983 liability for damages for actions taken when processing parole applications. Sellars v. Procunier, 641 F.2d 1295, 1302 (9th Cir.1981), cert. denied, 454 U.S. 1102 (1981). Furthermore, to the extent Gamba-Oluwa challenges the fact or duration of his confinement, the district court properly construed the action as a petition for habeas corpus and dismissed for failure to exhaust state remedies. Franklin v. Oregon, 662 F.2d 1337, 1347-48 & n. 13 (9th Cir.1981); see also Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681-82 (9th Cir.1988).[1]
 
 
 4
 Gamba-Oluwa also contends that the district court erred by failing to grant leave to file a third amended complaint pursuant to Fed.R.Civ.P. 15(a). This contention lacks merit.
 
 
 5
 Fed.R.Civ.P. 15(a) provides that a trial court should grant leave to amend "freely when justice so requires." In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment. Moore v. Kayport Package Express, 885 F.2d 531, 538 (9th Cir.1989). Leave to amend need not be given if a complaint, as amended, is subject to dismissal. Id.
 
 
 6
 Here, the district court properly determined that it would be futile to grant Gamba-Oluwa's proposed third amended complaint because the document re-alleges the same facts and claims contained in Gamba-Oluwa's original complaint and his second amended complaint. See Moore, 885 F.2d at 538.[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4. Accordingly, Gamba-Oluwa's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we hold that the district court properly construed the action as a petition of habeas corpus and dismissed for failure to exhaust state remedies, Gamba-Oluwa's claim that the district court erred in failing to hold an evidentiary hearing "as to the issue of exhaustion of state remedies" lacks merit
 
 
 [2]
 Gamba-Oluwa's motion for attorney's fees is denied