991 F.2d 803
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nwabueze C. CLEMENT, Plaintiff-Appellant,
v.
R. CRAWFORD, Lt.; Esmor Inc.; L. Fauria, Lt., Defendants-Appellees.
 No. 92-36708.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 15, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nwabueze C. Clement, a detainee at the Immigration and Naturalization Service's detention center in Seattle, appeals pro se the district court's summary judgment of his civil rights[1] action in favor of Esmor, Inc., the contract operator of the detention center and two Esmor employees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Standard of Review
 
 
 4
 We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed.R.Civ.P. 56; Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986). "The party opposing summary judgment may not rest on conclusory allegations, but must set forth the specific facts showing there is no genuine issue for trial." Berg, 794 F.2d at 459.
 
 II
 Merits
 A. Medical Indifference
 
 5
 Clement contends he was denied proper medical treatment for a head injury that he suffered at the detention center. This contention lacks merit.
 
 
 6
 In order for an inmate to prevail on a claim of medical mistreatment, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial. Id. Inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel do not constitute cruel and unusual punishment. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 7
 In support of their motion for summary judgment, defendants submitted the affidavit of the nurse who treated Clement after his injury. The affidavit states that Clement suffered a head abrasion with minor bleeding and that no stitches were required for treatment. Clement has not submitted any evidence to rebut this testimony. Accordingly, because there is no evidence in the record to support Clement's contention that defendants were deliberately indifferent to his serious medical needs, the district court properly granted summary judgment for defendants on this claim. See Estelle, 429 U.S. at 106; Berg, 794 F.2d at 459.
 
 B. Segregation
 
 8
 Clement contends that detention officials violated his due process rights by placing him in administrative segregation and holding him there for six days without a hearing.
 
 
 9
 A protected liberty interest may arise from the due process clause itself or from the laws of the states. Hewitt v. Helms, 459 U.S. 460, 466 (1983). The due process clause does not create a liberty interest in freedom from administrative segregation. Id. at 468. Thus, we look to Washington law to determine whether such an interest has been created.
 
 
 10
 Here, according to an affidavit submitted by defendants, detention facility policy requires a disciplinary hearing to be held within 72 hours of a detainee's segregation, excluding weekends and holidays. The affidavit states that Clement was placed in segregation for disruptive behavior for six days, but that this time period included a three-day holiday weekend.[2] Accordingly, Clement's segregation for six days was within the scope of the detention facility's policy. Thus, the district court properly granted summary judgment for defendants on this issue. See Hewitt, 459 U.S. at 466.
 
 C. Access to the Courts
 
 11
 Clement contends that he was illegally deprived of his legal material while in administrative segregation. This contention lacks merit.
 
 
 12
 An inmate who does not claim an inadequate law library or inadequate legal assistance must allege "actual injury" to court access to state a claim for denial of access to the courts. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Actual injury consists of a specific instance in which a plaintiff was actually denied court access. Id.
 
 
 13
 Here, Clement has failed to allege or offer any evidence of actual injury to court access. Accordingly, the district court properly granted summary judgment for defendants on this claim. See id.
 
 D. Involuntary Servitude
 
 14
 Clement contends that he was forced to move filing cabinets against his will, in violation of the thirteenth amendment. This contention lacks merit.
 
 
 15
 The defendants's affidavit states that Clement engaged in prison work consisting of moving furniture voluntarily and that he quit working after half a day. Clement failed to produce any evidence to rebut this testimony. Accordingly, because Clement has failed to set forth specific facts showing there was a genuine issue for trial, the district court properly granted summary judgment for defendants on Clement's thirteenth amendment claim. See Berg, 794 F.2d at 459.
 
 E. Strip Search
 
 16
 Clement contends that facility officials violated his civil rights by strip-searching him in view of other detainees. He contends that as a result of this search he has been subjected to homosexual assaults and harassment. Clement's contention of an improper search lacks merit.
 
 
 17
 When testing the reasonableness of prison officials' actions against a constitutional challenge, courts are required to give "wide-ranging deference" to the adoption and execution of institutional policies. Bell v. Wolfish, 441 U.S. 520, 547 (1979). Thus, prison regulations alleged to infringe on constitutional rights are judged by a lenient "reasonableness" standard. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). Under this standard, a prison regulation will be found valid if it "is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).
 
 
 18
 Here, the affidavit of a facility official states that Clement and all other detainees were strip-searched after contraband was discovered at the facility. Under facility policy, three detainees may be strip-searched at the same time in a private area. According to the affidavit facility officials conducted the strip-search in a private area with a limited number of other persons present during the search. In view of the facility's legitimate need to search for contraband, the district court correctly found that the search was conducted in a reasonable manner.[3] See Turner, 482 U.S. at 89. Accordingly, the district court properly granted summary judgment on this issue.[4]
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Clement brought this action in the district court pursuant to 42 U.S.C. § 1983, the district court correctly construed it as a Bivens claim. Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)
 
 
 [2]
 The defendants also stated that any delay in the scheduling of the hearing was caused by the absence of a member of the hearing committee over whom the defendants had no authority
 
 
 [3]
 Clement raises a number of other issues in his appeal, including allegations of due process violations arising from being trapped in an elevator for two hours, finding gravel in one of his meals and being denied a meal on one occasion. He also contends that the defendants committed fraud in submitting their affidavits and that the district court erred by not forcing the defendants to answer Clement's interrogatories. Upon review of the record, we find these contentions conclusory and lacking in merit
 
 
 [4]
 We deny Clement's motion "to nullify the contentions of defendant."