1 F.3d 1246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ginn DOOSE, a/k/a Virginia M. Doose, Plaintiff-Appellant,
v.
The FEDERAL COURT; the Federal Government, Defendants-Appellees.
 No. 93-55489.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided July 28, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ginn Doose appeals pro se the district court's dismissal of her complaint brought against the district court after it denied her permission to proceed in forma pauperis in another action. The district court here first denied her leave to proceed in forma pauperis, and then, after she paid the filing fees, dismissed her action for failure to raise any issue cognizable in federal court. We construe the district court's order in this action as a dismissal for lack of jurisdiction. See Franklin v. Oregon, 662 F.2d 1337, 1342 (9th Cir.1981) (affirming dismissal of "wholly insubstantial" complaints for lack of jurisdiction). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Doose contends that the district court violated her First Amendment right of access to the courts by denying her motion to proceed in forma pauperis in another action and so creates a claim cognizable in federal court. We disagree. Judges have absolute immunity for their official acts as long as there is not a complete absence of all jurisdiction. See Mireles v. Waco, 112 S.Ct. 286, 288 (1991); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (judges absolutely immune for judicial acts taken within the jurisdiction of their courts). The grant or denial of permission to proceed in forma pauperis is a judicial act within the jurisdiction of the district court. See 28 U.S.C. Sec. 1915(a) ("Any court of the United States may authorize the commencement ... of any suit ... without prepayment of fees...."). Because the district court had jurisdiction to entertain and rule upon the motion to proceed in forma pauperis, this action is barred by the doctrine of absolute judicial immunity and the district court properly dismissed it for lack of jurisdiction.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3