29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond CURRY, Plaintiff-Appellant,
v.
Kate FLACK, Timothy Sell, Ronald Abernathy, Rita Griffith,
and Dorothy Stiles, Defendants-Appellees.
 No. 92-36921.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1994.*
Decided July 22, 1994.
 
 Before: GOODWIN, D.W. NELSON and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Curry argues that the district court erroneously failed to treat his action as a petition for writ of habeas corpus. Where an action under 42 U.S.C. Sec. 1983 challenges the fact or duration of incarceration, habeas corpus is the exclusive federal remedy. Heck v. Humphrey, 62 U.S.L.W. 4594, 4595 (U.S. June 24, 1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973)). Because Curry brought his complaint pro se, to the extent it challenges the fact or duration of his incarceration, it should be construed as a habeas petition. Franklin v. Oregon, 662 F.2d 1337, 1347 n. 13 (9th Cir.1981). Nonetheless, if Curry was not "in custody" within the meaning of the habeas corpus statutes when he filed his action, a habeas remedy would not be available to him. Carafas v. LaVallee, 391 U.S. 234, 238 (1968).
 
 
 3
 Curry's allegations and the addresses he provides the court show that he was not incarcerated when he filed this complaint. Curry's complaint was filed on January 25, 1990, after the date that Curry stated that he would be released from Washington prison. He alleges that he had a three-year sentence to serve in New York after completing his Washington sentence. However, the addresses that he has given the court indicate that he has not been incarcerated in New York at any time since he filed this action. Because the record does not show that Curry was "in custody," the remedy of a writ of habeas corpus is not available to him and the district court was correct to treat this action as one brought solely pursuant to Sec. 1983.
 
 
 4
 Curry's remaining claims for damages under Sec. 1983, if successful, would "demonstrate the invalidity of [the] outstanding criminal judgment against [him]." Heck, 62 U.S.L.W. at 4597. "[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Sec. 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. Curry does not allege that the conviction has been expunged but rather seeks to have it expunged. The district court correctly dismissed Curry's claims.
 
 
 5
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3