35 F.3d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward G. ONTIVEROS, Plaintiff-Appellant,
v.
Charles D. MARSHALL, et al., Defendants-Appellees.
 No. 94-15298.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 30, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward G. Ontiveros, a California state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in Ontiveros's 42 U.S.C. Sec. 1983 action alleging that prison officials were deliberately indifferent to his serious medical needs and used excessive force against him. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo a grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). To avoid summary judgment, the nonmoving party must raise a genuine factual dispute concerning his claims. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). A dispute is not genuine "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. (citations omitted). Thus, a "suspicion of improper motives, unsupported by stronger evidence, is insufficient to raise an issue of fact." Moore v. Home Ins. Co., 601 F.2d 1072, 1075 (9th Cir.1979).
 
 
 4
 * Deliberate Indifference to Medical Needs
 
 
 5
 Ontiveros contends that prison officials were deliberately indifferent to his serious medical needs because they failed to properly treat his abdominal symptoms. Ontiveros contends that he had abdominal pain because prison officials poisoned his food.
 
 
 6
 To prevail on an Eighth Amendment claim of medical mistreatment, an inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The indifference must be substantial; inadequate treatment due to negligence, inadvertence or differences in judgment between an inmate and medical personnel do not rise to the level of a constitutional violation. Id.; Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 7
 In support of their motion for summary judgment, defendants submitted the affidavit of prison doctor Kevin Johns and Johns's medical notes. According to the evidence, Ontiveros sought medical attention on April 20, 1992, for abdominal cramping, nausea and vomiting. Ontiveros claimed that the prison was poisoning his food. Johns diagnosed Ontiveros as having mild gastroenteritis and recommended anti-emetic suppositories for relief. Johns found no evidence that Ontiveros had been poisoned. Ontiveros rejected the medication prescribed by Johns, refused to sign a medical treatment refusal form, and demanded to be placed "where he would be observed eating as well as taking his medication." Johns refused to provide this treatment and sent Ontiveros back to his cell. On April 21, 1992, Ontiveros complained of vomiting blood. He was given a physical examination which failed to reveal any abnormalities and again was discharged to his cell. Later in the day, Johns visited Ontiveros's cell, and when Ontiveros refused to come forward to be examined, prison officers removed him from his cell by dragging him out, handcuffed and on his stomach. He was then escorted to the medical clinic, where he was placed on I-V hydration, given anti-nausea medication and monitored. On April 23, 1992, Ontiveros was discharged from the infirmary because his condition had improved.
 
 
 8
 In opposition to the defendants' summary judgment motion, Ontiveros submitted an affidavit in which he states only that he sustained serious medical injuries as a result of the defendants' actions.
 
 
 9
 Given these circumstances, we agree with the district court that Ontiveros failed to raise a triable issue of fact as to whether the defendants poisoned his food or were deliberately indifferent to his serious medical needs. See Estelle, 429 U.S. at 106; Franklin, 662 F.2d at 1344. The evidence indicates that defendants attempted to treat Ontiveros promptly after he complained of symptoms and that this treatment was effective. Accordingly, the district court properly granted summary judgment for defendants on this issue. See Anderson, 477 U.S. at 249-50.
 
 II
 Excessive Force
 
 10
 Ontiveros alleges that prison officials used excessive force against him when they dragged him out of his cell on his stomach, and when they ordered him to walk back to his cell from the prison infirmary.[1] When an inmate claims that prison officials violated his Eighth Amendment rights by using excessive physical force, the relevant inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 112 S.Ct. 995, 999 (1992). The case should go to a jury only if the evidence supports a reliable inference that prison officials want only inflicted pain. Whitley v. Albers, 475 U.S. 312, 322 (1986).
 
 
 11
 Ontiveros has submitted no evidence that any force used against him was applied maliciously and sadistically for the purpose of causing harm. See Hudson, 112 S.Ct. at 999. The evidence indicates that defendants needed to use force in order to bring Ontiveros out of his cell so that the prison doctor could evaluate his medical condition. Moreover, there is nothing in the record indicating that the defendants acted improperly by ordering Ontiveros to walk back to his cell following his treatment. Accordingly, because the evidence, viewed in the light most favorable to Ontiveros, does not support a reliable inference that the defendants wantonly inflicted pain, the district court properly granted summary judgment in favor of the defendants on this claim. See Whitley, 475 U.S. at 322.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ontiveros also contends, for the first time on appeal, that defendants made him lie spread eagle on the cell floor and then struck him in the head, neck and torso. Because Ontiveros did not present these allegations to the district court, we refuse to consider them for the first time on appeal. See Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir.1992)