87 F.3d 1317
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry B. BALISOK, Plaintiff-Appellant,
v.
Ronald FLECK; George Kuzma; Barry Kellogg, Defendants-Appellees.
 No. 95-35673.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry B. Balisok, a Washington state prisoner, appeals pro se the district court's summary judgment, following remand, in favor of members of prison medical staff in his 42 U.S.C. § 1983 civil rights action alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's summary judgment de novo. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). To establish a violation of the Eighth Amendment, Balisok must show that defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin, 974 F.2d at 1059. The indifference to medical needs must be substantial; inadequate treatment due to malpractice does not amount to a constitutional violation. Estelle, 429 U.S. at 106; McGuckin, 974 F.2d at 1059. Moreover, a difference of opinion over proper medical treatment does not constitute deliberate indifference. Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 4
 Balisok contends that defendants exhibited deliberate indifference to his serious medical needs by failing to provide proper medical treatment for his eye infections and his chest lipomas. This contention lacks merit.
 
 
 5
 In support of their motion for summary judgment, defendants submitted affidavits with supporting documentation from defendant physicians Fleck, Kuzma and Kellogg, as well as from Fredrick Field, another physician who examined Balisok, and Steven Davis, an optometrist who examined Balisok. In opposition to defendants' motion for summary judgment, Balisok submitted a lengthy affidavit detailing his medical treatment history at the prison. This documentation establishes that Balisok has a recurring eye infection that requires topical treatment, and that Balisok also has chest lipomas, which are benign tumors that consist of deposits of fatty tissue. Balisok does not dispute that prison medical staff examined and treated him for these two conditions. Rather, Balisok disputes the appropriateness of defendants' treatment.
 
 
 6
 Although Balisok clearly has a difference of opinion regarding proper treatment for his eye infection and chest lipomas, a mere difference of opinion is not sufficient to state a claim for deliberate indifference to serious medical needs. See Estelle, 429 U.S. at 106; Franklin, 662 F.2d at 1344. Because Balisok failed to create a triable issue of fact that defendants either purposefully ignored or failed to respond to his serious medical needs, the district court did not err by granting summary judgment in favor of defendants. See McGuckin, 974 F.2d at 1060; Franklin, 662 F.2d at 1344.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal