95 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lamont HARPER, Plaintiff-Appellant,
v.
George BETOR; Robert Davis; Marvin Branscome; Terry Ebert
City of Compton; Sherman Block; County of Los
Angeles, Defendants-Appellees.
 No. 96-55080.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 9, 1996.
Decided Aug. 13, 1996.
 
 Before: D.W. NELSON, T.G. NELSON, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lamont Harper appeals the district court's grant of summary judgment in his 42 U.S.C. §§ 1983 and 1988 action against the County of Los Angeles and Sherman Block, the county sheriff. See also Monell v. Dept. of Social Services, 436 U.S. 658 (1978). Harper claims that he provided evidence of harm sufficient for his case to survive summary judgment. Harper also claims that the district court erred by failing to rule on his objection to the affidavits of Block and municipal judge Albert J. Garcia before granting summary judgment. In addition, Harper asserts that the district court erred by affirming the magistrate's protective order barring Harper from deposing Block. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS
 
 
 4
 For Harper's Monell claim to prevail, the wrongful conduct that Harper alleges must (1) rise to the level of a constitutional violation and (2) indicate that a policy, practice or custom caused his constitutional rights to be violated. 436 U.S. at 694-5. To establish the alleged violations of the Eighth and Fourteenth Amendments, Harper must show that Block and the County were deliberately indifferent to his serious medical needs. See Farmer v. Brennan, 114 S.Ct. 1970, 1978 (1994); Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Redman v. County of San Diego, 942 F.2d 1435, 1442 (9th Cir.1991) (en banc), cert. denied, 502 U.S. 1074 (1992). The indifference must be substantial; inadequate treatment due to malpractice, or even negligence, does not amount to a constitutional violation. Estelle, 429 U.S. at 106; McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). A difference of opinion over proper medical treatment does not constitute deliberate indifference. Franklin v. Oregon State Welfare Div., 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 5
 We review a grant of summary judgment de novo. Triton Energy Corp. v. Square D. Co., 68 F.3d 1216, 1220 (9th Cir.1995). Summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. Id. at 1221. The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient. Id.
 
 
 6
 Harper has failed to allege facts that would raise his claim to the threshold of a constitutional violation. By Harper's own admission, the County offered medical assistance at Men's Central Jail and Harper himself refused to go to Los Angeles County Medical Center for treatment. Harper also failed to provide any evidence indicating that the medical treatment available at Men's Central Jail exceeded malpractice or negligence and instead reflected indifference to his serious medical needs. That the Men's Central Jail and Rancho Los Amigos provide different levels of medical care might indeed be true, but difference in approaches to medical care does not provide sufficient grounds for a constitutional claim. Because Harper failed to allege facts indicating deliberate indifference to serious medical needs, the district court properly granted summary judgment to the County and Block.
 
 
 7
 Harper contends that the court committed reversible error by granting summary judgment without ruling on Harper's objections to the Block and Garcia affidavits. As the court properly indicated, Harper's failure to establish a constitutional violation made a ruling on these affidavits unnecessary. The court's explanation of the basis for granting summary judgment relied on neither Judge Garcia's characterization of institution-specific remand orders nor the assertions Block made in his affidavit. Any error made in not ruling on the admissibility of the Block and Garcia affidavits was harmless.
 
 PROPRIETY OF THE PROTECTIVE ORDER
 
 8
 A district court enjoys broad discretion in controlling discovery. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir.1988). A district court may limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c).
 
 
 9
 The district court did not abuse its discretion in refusing to reconsider the protective order. That Harper named Block as a defendant is not in itself sufficient to necessitate a deposition. The magistrate's decision to provide an alternative--allowing Harper to depose Block's executive aide--"does not appear unreasonable." Kyle Engineering Co. v. Kleppe, 600 F.2d 226 (1979) ("Heads of government agencies are not normally subject to deposition"). Furthermore, in light of Harper's failure to state a constitutional claim, any error in exercising discretion to allow the County to file for a protective order after October 14, 1992 was harmless.
 
 CONCLUSION
 
 10
 For the reasons stated above, the judgment of the district court is AFFIRMED. Harper's request for attorney's fees on appeal is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3