103 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Monroe JONES, Plaintiff-Appellant,
v.
FOLSOM MEDICAL STAFF; Warden of C Facility, Folsom State
Prison; Robert Borg, Defendants-Appellees.
 No. 96-15102.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 18, 1996.*
Decided Nov. 20, 1996.
 
 Before: PREGERSON, REINHARDT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Monroe Jones, a California state prisoner, appeals pro se the district court's summary judgment in favor of defendants in Jones's 42 U.S.C. § 1983 civil rights action alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment, see McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), and we affirm.
 
 
 3
 Jones contends that defendant exhibited deliberate indifference to his serious medical needs by failing to provide proper medical treatment for 1) pain he experienced as a result of being stabbed at San Quentin state prison, prior to being transferred to New Folsom, and 2) the presence of blood in his stools. These contentions lack merit.
 
 
 4
 To establish a violation of the Eighth Amendment, Jones must show that defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); McGuckin, 974 F.2d at 1059. Mere negligence in diagnosing or treating a medical condition is insufficient to establish deliberate indifference. See Estelle, 429 U.S. at 106; Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990). Rather, Jones must show that prison officials purposefully ignored or failed to respond to his pain or medical needs. See McGuckin, 974 F.2d at 1060. Moreover, a difference of opinion over proper medical treatment does not constitute deliberate indifference. Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 5
 In support of the motion for summary judgment, defendant Borg submitted various documents from Jones's medical record. It is undisputed that Jones was stabbed with a plastic knife at San Quentin on September 25, 1991, and that he was transferred to New Folsom on March 17, 1992. Dr. Althusen, a physician at San Quentin, stated in an affidavit that he treated Jones's medical complaints prior to Jones's transfer from San Quentin.[1] Dr. Althusen stated that Jones suffered superficial lacerations to the right lower ribcage and left forearm as a result of the stabbing. Chest x-rays were ordered because Jones continued to assert that he believed part of the plastic weapon had broken off in his chest area, causing the pain and possibly the bloody stools. Dr. Althusen concluded that the results from the x-ray were unremarkable, and that there was no indication that Jones's allegedly bloody stools were related to the stabbing.
 
 
 6
 After Jones was transferred to New Folsom, on March 19, 1992, he complained to medical staff that he was experiencing pain in his chest area, and bloody stools. On March 30, 1992, Jones was examined by Dr. Millman. According to notations in Jones's medical record, Dr. Millman recommended that a rectal examination should be performed in order to treat Jones's complaints regarding blood in his stool. Dr. Millman terminated the examination when Jones became hostile after refusing the rectal examination.
 
 
 7
 In opposition to defendants' motion for summary judgment, Jones submitted documents about the injuries he sustained in the stabbing incident at San Quentin, which are consistent with the evidence defendants submitted about Jones's injuries and the treatment he received for them following the incident. Regarding his allegedly bloody stools, Jones asserts that the treatment he received at New Folsom was inappropriate.
 
 
 8
 Although Jones clearly has a difference of opinion regarding proper treatment for the pain he experienced as a result of the stabbing, and for his bloody stools, this is not sufficient to state a claim for deliberate indifference to serious medical needs. See Franklin, 662 F.2d at 1344. Furthermore, Jones failed to establish that he was harmed as a result of the two week delay after he requested medical treatment at New Folsom, and Dr. Millman's examination. See McGuckin, 974 F.2d at 1060. Because Jones failed to create a triable issue of fact that defendants either purposefully ignored or failed to respond to his serious medical needs, the district court did not err by granting summary judgment in favor of defendants. See id. at 1062.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dr. Althusen's affidavit was originally prepared in response to an earlier lawsuit which Jones filed, alleging deliberate indifference on the part of prison officials at San Quentin
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal