116 F.3d 1488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ricky WHITE, a/k/a Bruce White, Plaintiff-Appellant,
v.
Theo WHITE, Warden; Jeffrey D. Moore; Theodore Baldwin;
Thomas C. Shockly, Sergeant; Jocelynm Arceo; Kenneth W.
Harvey; Marvin Gourdine; Larry Mcquitta; J. Schieveblein;
S.K. Leung, Defendants-Appellees.
 No. 96-17075.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 19, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-93-01073-LKK(JFM); Lawrence K. Karlton, Chief Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ricky White, a California state prisoner, appeals pro se the district court's summary judgment for defendants in White' § 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm in part, reverse in part, and remand.
 
 
 3
 White's claims arose as a result of two separate incidents. The first incident resulted when White arrived in the prison dining room wearing his clothes "sagging."[1] The second incident, in a holding cell, occurred when defendants attempted to advise White that he was being placed in administration segregation based on the first incident.
 
 
 4
 I. Deliberate Indifference to Serious Medical Need
 
 
 5
 White contends that the district court erred by granting summary judgment for defendant on his claim that defendants violated his constitutional rights by denying him medical care in violation of the Eighth Amendment. This contention lacks merit.
 
 
 6
 After the first incident, prison medical personnel examined White's bruises and fractured tooth and deemed his injuries medically unimportant. Following the second incident, prison medical personnel noted only a quarter-inch crack on White's lip, for which he refused medical treatment. White failed to submit evidence that his injuries resulted in serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997) (en banc). At most, White raised only a difference of medical opinion regarding his treatment. See Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1344 (9th Cir.1981). Accordingly, the district court did not err by granting summary judgment for defendant on White's deliberate indifference claim. See Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989).
 
 II. Due Process Claim
 
 7
 White also contends that the district court erred by granting summary judgment for defendant on his claims that defendants violated his constitutional rights by denying him due process in his disciplinary proceedings.[2] This contention lacks merit.
 
 
 8
 Defendants charged White with two disciplinary violations resulting from these two incidents. We agree with the district court that White received all the process that was due. See Wolff v. McDonnell, 418 U.S. 539, 563-68 (1974).
 
 III. Excessive Force
 
 9
 White contends that the district court erred by granting summary judgment for defendant on his claim that defendants violated his constitutional rights by subjecting him to excessive force in violation of the Eighth Amendment. This contention has merit.
 
 
 10
 Our inquiry begins with "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). To determine if the use of force was wanton and unnecessary, and in violation of the Eighth Amendment, we may examine the necessity of force, the relationship between necessity and amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. See id. A case should go to a jury only if the evidence supports a reliable inference that prison officials wantonly inflicted pain. See Whitley v. Albers, 475 U.S. 312, 322 (1986).
 
 
 11
 In support of their motion for summary judgment, defendants submitted three declarations. Defendants stated that White was loud and disruptive in resisting defendants' efforts to remove him from the dining room and that White kicked one defendant resulting in another defendant knocking White to the ground. In addition to submitting a verified complaint, White also signed two declarations detailing his version of the incidents. White stated that he never resisted defendants' efforts and that two defendants purposely knocked him to the ground without provocation. As to the second incident, in the holding cell, defendants stated White lunged at a defendant, while White said he lost his balance.
 
 
 12
 Assuming the truth of the affidavits put forth by White, as we must at summary judgment, see T.W. Elec. Svc., Inc. v. Pacific Elec. Contractors, Ass'n, 809 F.2d 626, 630-31 (9th Cir.1987), defendants might have applied force "maliciously and sadistically to cause harm," see Hudson, 503 U.S. at 7. Accordingly, because there are genuine issues of material fact concerning whether prison officials wantonly inflicted pain, see Whitley, 475 U.S. at 322, the district court erred by granting summary judgment for defendants on White's excessive force claim, see Hudson, 503 U.S. at 7.
 
 
 13
 IV. Supplemental Jurisdiction Over State Law Claims
 
 
 14
 Given our disposition of White's excessive force claim, we vacate the district court's dismissal of White's pendant state assault and battery claims. See 28 U.S.C. § 1367(c)(3).
 
 V. Conclusion
 
 15
 We affirm the district court's summary judgment for defendants on White's deliberate indifference and due process claims. We reverse the district court's summary judgment on White's excessive force claim. We vacate the district court's dismissal of White's pendant state law claims. We remand for further proceedings on White's excessive force and pendant state law claims.
 
 
 16
 The parties shall bear their own costs on appeal.
 
 
 17
 AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, White's requests for oral argument are denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 "Sagging" refers to White's conspicuously drooping pants revealing the top of his boxer shorts, as well as his untucked shirt and turned-in collar. This style, which connotes prison gang affiliation, is prohibited
 
 
 [2]
 To the extent that White challenges the revocation of good-time credits, which resulted from the disciplinary proceedings, his exclusive remedy is a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 481-82 (1994)