122 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William L. STEWART, Jr., Plaintiff-Appellant,
v.
B. HOFFMAN, B.W. Hiebert; Jim Gamboa, Defendants-Appellees.
 No. 96-16333.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 3, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, D.C. No. CV-94-05354-REC(DLB); Robert E. Coyle, Senior Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William Stewart, a California state prisoner, appeals pro se the district court's summary judgment for the defendant's in his 42 U.S.C. § 1983 action alleging that the prison officials violated the Eighth Amendment by changing his medical status from "totally disabled" to "moderate duty." We review de novo, Kruso v. International Tel. & Tel., 872 F.2d 1416, 1421 (9th Cir.1989), and we affirm.
 
 
 3
 While housed at Folsom Prison, Stewart was classified as "permanently disabled" for purposes of participation in the Inmate Work and Incentive Training Program ("IWITP") because he had recently undergone surgery to remove the blockages in an artery located in his lower abdomen. When Stewart was transferred to the California Correctional Institution ("CCI"), his classification was changed to "moderated duty" based on a medical examination by Dr. Liebman, a CCI physician. Stewart contends that the change in his classification violated the Eighth Amendment because he remains totally disabled due to his alleged open heart surgery. We disagree.
 
 
 4
 To establish a violation of the Eighth Amendment based on inadequate medical treatment, a prisoner must show that the defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Mere negligence in diagnosing or treating a medical condition, or a difference in opinion between the inmate and prison medical staff over proper medical treatment, does not constitute deliberate indifference. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990); Franklin v. State of Oregon, 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 5
 In their motion for summary judgment, the defendants submitted Stewart's medical records demonstrating that Stewart received an aortobilateral femoral bypass rather than open heart surgery.[1] The defendants also proffered evidence that Stewart received an EKG from Dr. Torres, an outside physician, and a treadmill stress test from Dr. Madrilejo, an outside cardiologist. Both tests yielded normal results. Dr. Madrilejo also opined that Stewart could participate in light or moderate physical activity.
 
 
 6
 In response to the defendant's summary judgment motion, Stewart submitted the declarations of defendants Hoffman and Hiebert, copies of his inmate appeal in which he contends that he is permanently disabled because he had "double bypass surgery," and the prison records indicating that his status was changed from "totally disabled" to "moderate duty." Stewart, however, failed to produce any evidence that he had open heart surgery or that he is suffering from a debilitating heart condition. In the absence of such evidence, we conclude that Stewart's contention that he should be classified as "totally disabled" amounts to no more than a difference in opinion over the proper medical treatment. See Franklin, 662 F.2d at 1344. Accordingly, the district court properly granted summary judgment for the defendants.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 An aortobilateral femoral is a surgical procedure used to remove blockages in the peripheral arteries and blood vessels. In Stewart's case, the operation was used to remove the plaque which had built up in the illiac vessels located in the lower abdominal area