**Christopher A. JONES, Plaintiff—Appellant,**

v.

**Robert BAYER; et al., Defendants—Appellees.**

No. 02–15650.

D.C. No. CV–99–00088–ECR.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 20, 2003.

Before LEAVY, FERNANDEZ and BERZON, Circuit Judges.

## MEMORANDUM**

Christopher A. Jones, a Nevada state prisoner, appeals pro se the district court's

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Lyons' motion for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

summary judgment for defendants in his 42 U.S.C. § 1983 action alleging defendants subjected him to cruel and unusual punishment by exposing him to environmental tobacco smoke ("ETS") by housing him with a smoker. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *see Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we reverse and remand.

To establish an Eighth Amendment violation based on ETS exposure, a prisoner must show (1) exposure to levels of ETS that pose an unreasonable risk of serious damage to his present or future health and (2) deliberate indifference on the part of prison officials. *Helling v. McKinney,* 509 U.S. 25, 34–35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). Exposure to ETS by people who are sensitive to ETS because of pre-existing conditions may constitute cruel and unusual punishment. *See Franklin v. State of Oregon,* 662 F.2d 1337, 1346–47 (9th Cir.1981).

Here, the record shows that, in November 1998, Jones was assigned to a cell with a heavy smoker. Medical consultation reports indicate that Jones suffered from a chronic throat condition which significantly affected his quality of life and which worsened with exposure to cigarette smoke. The record also shows that, after Jones was housed with a smoker, he notified defendants of his throat condition and made several requests for a change in housing, but his requests were denied.

Viewing this evidence in the light most favorable to Jones, a jury could reasonably conclude that defendants were deliberately indifferent to Jones' heightened vulnerability to ETS. *See Franklin,* 662 F.2d at 1346–47(holding that housing an inmate suffering from throat tumor with a smoker may constitute violation of the Eighth Amendment). Accordingly, we reverse the district court's summary judgment and remand for further proceedings.

Jones' December 27, 2002, motion for clarification is denied as moot because we have considered the opening brief.

**REVERSED and REMANDED.**