**Edward LEANDRY, Plaintiff–Appellant,**

v.

**COUNTY OF LOS ANGELES; et al., Defendants–Appellees.**

No. 08–55984.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 2, 2009.*

Filed Nov. 10, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michel F. Mills, Law Offices of Michel F. Mills, A P.C., Westminster, CA, for Plaintiff–Appellant.

Paul B. Beach, Esquire, Tammy Kim, Lawrence Beach Allen & Choi, PC, Glendale, CA, for Defendants–Appellees.

Before: T.G. NELSON, BYBEE and M. SMITH, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

## MEMORANDUM **

Plaintiff–Appellant Edward Leandry appeals the district court's grant of summary judgment in favor of Defendants–Appellees. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our decision. This court has jurisdiction under 28 U.S.C. § 1291. We affirm.

The County of Los Angeles cannot be sued under 42 U.S.C. § 1983 for the acts of its employees, so it could only be liable to Leandry if it had a policy or custom that resulted in the injury that he is alleging. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Recently, Leandry was a class member in *Porras v. County of Los Angeles*, in which the plaintiffs alleged that Los Angeles County had an unconstitutional pattern or practice of deliberate indifference to inmates' serious medical needs. No. 04–cv–1229, 2006 WL 4941837 (C.D.Cal. Oct.31, 2006). The defendants' motion for summary judgment was granted in that case, thereby precluding Leandry from making the same claims against the County in the present case. *Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 323–24, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971).

However, a final determination on the merits in a suit that alleged unconstitutional patterns or practices does not preclude a later suit involving the same parties for *individual* instances of such unconstitutional actions. *See Cooper v. Fed. Reserve Bank of Rich.*, 467 U.S. 867, 876, 104 S.Ct. 2794, 81 L.Ed.2d 718 (1984). Leandry's claims against Defendants Kidwell and Nash allege specific instances of misconduct and are therefore not precluded by *Porras.*

ed by 9th Cir. R. 36–3.

There is no genuine issue of material fact as to whether Defendants Kidwell and Nash were deliberately indifferent to Leandry's serious medical needs. Although the evidence suggests that Leandry's mental health needs were serious, he was seen repeatedly by jail medical staff, all of whom determined that his symptoms were inconsistent with bipolar disorder. Leandry was seen by medical workers at least twenty-nine times in thirteen months during his detention in Los Angeles County facilities. Leandry was eventually diagnosed with intermittent explosive disorder and prescribed appropriate and seemingly effective medication.

Leandry relies heavily on his previous, expired prescription for Zyprexa, an antipsychotic medication. Defendants refused to prescribe Zyprexa because they disagreed with Leandry's opinion that he suffered from bipolar disorder. However, a difference of opinion between medical professionals concerning a diagnosis or appropriate course of treatment does not amount to deliberate indifference to serious medical needs, *see Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989), nor does a difference of opinion between the physician and the prisoner, *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981). By either measure, Defendants' determination that Leandry did not suffer from bipolar disorder—and subsequent decision not to prescribe Zyprexa—does not amount to deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The district court properly granted summary judgment in favor of Defendants.

**AFFIRMED.**