**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD EUGENE CHAMPION, | No. 09-55651 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-06989-JFW-E |
| v. | |
| MURPHY, Dentist, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted August 10, 2010[**]

Before:     O'SCANNLAIN, HAWKINS, and IKUTA, Circuit Judges.

Richard Eugene Champion, a California state prisoner, appeals pro se from

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

violation of his constitutional rights.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on the deliberate indifference claim because Champion failed to raise a triable issue as to whether defendant was deliberately indifferent to Champion's dental needs. *See id.* at 1057 (explaining that a prison official acts with deliberate indifference only if he knows of and disregards an excessive risk to an inmate's health and safety); *Franklin v. Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.").

The district court properly granted summary judgment on the race discrimination claim because Champion failed to raise a triable issue as to whether defendant acted with discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 238-40 (1976) (explaining that a plaintiff must show discriminatory intent to establish an equal protection claim); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) (explaining that conclusory statements unsupported by facts are insufficient to defeat a motion for summary judgment).

The district court properly granted summary judgment on the retaliation claim because Champion failed to raise a triable issue as to whether defendant

engaged in any adverse action because of Champion's prison grievances or complaints to the Prison Law Office. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (listing elements of a retaliation claim).

To the extent Champion raises additional claims on appeal, we do not consider them because they were not adequately raised in the district court. *See Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104, 1111 n.2 (9th Cir. 2001).

Champion's remaining contentions are unpersuasive.

**AFFIRMED.**