**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THOMAS CLINTON,

Plaintiff - Appellant,

v.

LOS ANGELES MEN'S CENTRAL
JAIL; et al.,

Defendants - Appellees.

No. 08-56055

D.C. No. 2:04-cv-09022-DOC-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted January 10, 2011[**]

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Thomas Clinton appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious

medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and review for an abuse of discretion a district court's evidentiary rulings, *United States v. W.R. Grace*, 504 F.3d 745, 759 (9th Cir. 2007). We affirm.

The district court properly granted summary judgment because Clinton failed to raise a triable issue as to whether the defendants were deliberately indifferent to his serious medical and mental health needs. *See Toguchi*, 391 F.3d at 1057 (to constitute deliberate indifference, prison officials must know of and disregard a substantial risk of serious harm; negligence does not amount to deliberate indifference); *Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.").

The district court did not abuse its discretion in admitting the defendants' expert testimony. *See Far Out Prod., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001) (a party may not defeat summary judgment by questioning the credibility of a witness); *Sementilli v. Trinidad Corp.*, 155 F.3d 1130, 1134-35 (9th Cir. 1998) (medical doctor's testimony based on the doctor's experience and review of medical records is admissible even though doctor did not physically examine patient).

Contrary to Clinton's contention, the defendants did not waive their objections to the admissibility of Clinton's evidence because they timely objected to the evidence he submitted in opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(2).

Clinton was not entitled to additional discovery because he failed to demonstrate how the facts he sought would have precluded summary judgment. *See* Fed. R. Civ. P. 56(f); *Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994).

The district court did not abuse its discretion in denying Clinton's request to file a third amended complaint. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Clinton's remaining contentions are not persuasive.

All pending motions are denied. *See Kirshner v. Uniden Corp. of America*, 842 F.2d 1074, 1077-78 (9th Cir. 1988).

**AFFIRMED.**

08-56055