**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES L. DAVIS, | No. 11-17414 |
| Plaintiff - Appellant, | D.C. No. 1:06-cv-01216-AWI-SMS |
| v. | |
| RAMEN, Correctional Doctor; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted December 19, 2012[**]

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

James L. Davis, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants were deliberately indifferent to his serious medical needs. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and for an abuse of discretion the decision to deny a request to conduct additional discovery, *Barona Grp. of the Capitan Grande Band of Mission Indians v. Am. Mgmt. & Amusement, Inc.*, 840 F.2d 1394, 1399-1400 (9th Cir. 1987). We affirm.

The district court properly granted summary judgment because Davis failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent when they discontinued Davis's HIV medication when he refused to take it as prescribed, and altered Davis's diabetes treatment. *See Toguchi*, 391 F.3d at 1059-60 (difference of medical opinion does not support deliberate indifference claim); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (difference of opinion between prisoner and medical staff does not support deliberate indifference claim).

The district court did not abuse its discretion when it declined to reopen the discovery process because Davis was afforded an opportunity to conduct discovery and did not "explain how additional discovery would have affected the disposition of the case . . . ." *Barona Grp.*, 840 F.2d at 1400.

We do not address Davis's arguments that defendants did not file their summary judgment motion by the court's deadline and that the magistrate judge

and defendants' counsel lacked valid oaths of office. *See Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985) ("As a general rule, we will not consider an issue raised for the first time on appeal."). In any event, such arguments are without merit.

**AFFIRMED.**