**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL J. O'CONNELL, Relator; ex rel. United States of America,

Plaintiff-Appellant,

v.

REGENTS OF THE UNIVERSITY OF CALIFORNIA,

Defendant-Appellee.

No.    15-17528

D.C. No. 3:14-cv-02880-HSG

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted November 16, 2016[**]

Before:    LEAVY, BERZON, and MURGUIA, Circuit Judges.

Michael J. O'Connell appeals pro se from the district court's judgment dismissing his qui tam action alleging violations of the False Claims Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Omar v. Sea-Land*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). We affirm.

The district court properly dismissed O'Connell's action because the Regents of the University of California are a state entity and the False Claims Act does not provide a private right of action against state entities. *See Donald v. Univ. of Cal. Bd. of Regents*, 329 F.3d 1040, 1043-44 (9th Cir. 2003) ("Because a state entity is not identified as a 'person' for purposes of § 3729, the relators can claim no statutory basis under § 3730(b)(1) to bring suit against the Regents."); *see also Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 787-88 (2000) ("We hold that a private individual has standing to bring suit in federal court on behalf of the United States under the False Claims Act, 31 U.S.C. §§ 3729-3733, but that the False Claims Act does not subject a State (or state agency) to liability in such actions.").

Contrary to O'Connell's contention, the district court did not err in dismissing O'Connell's action prior to the issuance of a summons. *See Franklin v. Or., State Welfare Div.*, 662 F.2d 1337, 1343 (9th Cir. 1981).

**AFFIRMED.**