**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEXTER BROWN, | No. 16-17073 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00225-WBS-CKD |
| v. | |
| SAHIR NASEER, M.D., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N. R. SMITH, Circuit Judges.

California state prisoner Dexter Brown appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2004).  We affirm.

The district court properly granted summary judgment because Brown failed to raise a genuine dispute of material fact as to whether Dr. Naseer was "subjectively aware" that his failure to order requested testing and his order to restrict Brown's fluid intake "created a substantial risk of harm" to Brown.  *See id.* at 1060; *see also Estelle v. Gamble,* 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Franklin v. Oregon,* 662 F.2d 1337, 1344 (9th Cir. 1981) (difference of opinion between prisoner and medical staff does not give rise to a deliberate indifference claim).

We reject as unsupported by the record Brown's contention that he alleged a due process claim.

**AFFIRMED.**